### In re MERRYWEATHER IMPORTERS, INC.

### JOHN HINE STUDIOS, INC.

v.

### Richard L. WASSERMAN (Two Cases).

Civ. Nos. S 95–847, S 95–848.
Bankruptcy No. 94–1–5227–PM.
Adv. No. 95–1113–PM.

United States District Court,
D. Maryland.

March 24, 1995.

---

John Martin Klein, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, MD, for plaintiff.

John A. Roberts, Venable, Baetjer & Howard, Baltimore, MD, for defendant.

### MEMORANDUM OPINION

SMALKIN, District Judge.

These two cases are before the Court on the plaintiff's "emergency" motion to withdraw its automatic reference to the Bankruptcy court. The cases include an adversary proceeding seeking an injunction against the trustee of the bankruptcy estate of Merryweather Importers, Inc., to prevent him from conducting a sale of certain assets of the bankrupt estate on the ground that such sale allegedly would infringe the plaintiff's copyright. The bankruptcy proceeding, which is also before the Court on the emergency motion to withdraw reference, is an opposition to the trustee's motion for authority to sell the property in question. Because the two cases raise identical issues regarding the motion to withdraw reference, they will be considered together, though not formally consolidated. Because the sale of the assets is scheduled for March 27, 1995, because this matter reached the undersigned judge on March 23, 1995, and because the matters raised can be decided on the basis of the motions alone, the Court is deciding the question of withdrawal of reference without further briefing or an oral hearing. Local Rule 105.6, D.Md.

■ The plaintiff claims that withdrawal in these matters is mandatory under 28 U.S.C. § 157(d), because "resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." The great weight of the case law interpreting § 157(d) holds that this seemingly broad language concerning mandatory withdrawal should be narrowly read. *See In re Mahlmann,* 149 B.R. 866, 870–71 (N.D.Ill.1993). The fact that resolution of the matters in question calls merely for consideration or application of both bankruptcy law and other federal laws is plainly insufficient, in that mandatory withdrawal should only be made where substantial and material consideration of non-bankruptcy statutes is necessary in the case. *See In re Kuhlman Diecasting Co.,* 152 B.R. 310 (D.Kan.1993) (reviewing cases and stating majority rule). This has been interpreted to exclude from mandatory withdrawal cases involving straightforward application of federal statutes to a particular set of facts. *See, e.g., Wittes v. Interco, Inc.,* 137 B.R. 328 (E.D.Mo.1992). By contrast, cases involving federal questions that are complex or are of first impression must be withdrawn from reference. *In re Mahlmann, supra,* at 870–71.

In this case, the adversary proceeding seeking the injunction requires essentially no consideration of bankruptcy law, and such consideration of copyright law as either it or the opposition to the motion for authority to sell does require is neither complex nor of first impression. Indeed, the plaintiff argues most strongly in its papers in support of the application for preliminary injunction that this case is controlled by clear Ninth Circuit precedent, *viz., Parfums Givenchy, Inc. v. Drug Emporium, Inc.,* 38 F.3d 477 (9th Cir. 1994), *cert. denied,* — U.S. —, 115 S.Ct. 1315, 131 L.Ed.2d 197 (1995). This plaintiff succeeded in obtaining a preliminary injunction in litigation against, *inter alia,* the debtor in this case, in the United States District Court for the Southern District of Texas, on February 22, 1995, on such basis. The District Court, in one, short paragraph (slip op. at 3–4), accepted *Parfums Givenchy, supra,* as persuasive authority and had little difficulty in concluding that plaintiff had shown a likelihood of success on the merits.

Consequently, this Court concludes that mandatory withdrawal is not required under 28 U.S.C. § 157(d), in that this case does not involve consideration both of a specific provision of title 11 and substantial and material consideration of a qualifying federal statute.

Furthermore, the Court is of the opinion that the plaintiff has not shown sufficient cause for discretionary withdrawal. In making this determination, the Court has taken into account the relevant factors, which include the uniformity of bankruptcy administration, forum shopping and confusion of fora, conservation of creditor and debtor resources, expediency of the bankruptcy proceeding, and the fact that only equitable issues are posed, not requiring a jury trial, falling within the traditional equitable powers of a bankruptcy judge as chancellor. *See Hatzel & Buehler v. Central Hudson Gas & Elec. Corp.,* 106 B.R. 367 (D.Del.1989). In a case somewhat similar to this one, in which the District Court decided that mandatory withdrawal was inappropriate given that the case only involved straightforward application of federal statutes, the multi-factor analysis was held to also justify refusal to exercise the court's discretionary withdrawal power. *In re Philadelphia Training Center Corp.,* 155 B.R. 109 (E.D.Pa.1993).

For the foregoing reasons, an Order will be entered separately, in each of the captioned cases, denying the emergency motion for withdrawal of reference therein.