In re EquiMED, INC., Debtor.

EquiMed, Inc., Appellant,

v.

Mobile Diagnostech, Inc., A. Jerome DiGiacobbe, Jr. and Calvin Zontine, Appellees.

EquiMed, Inc., Appellant,

v.

Mobile Diagnostech, Inc., A. Jerome DiGiacobbe, Jr. and Calvin Zontine, Appellees.

Civ. Nos. H–00–1279, H–00–1555. Bankruptcy No. 00–1–1147–PM.

United States District Court, D. Maryland.

Aug. 9, 2000.

Stephanie Wickouski, Reed, Smith, Shaw & McClay, Washington, DC, for appellant.

Irving E. Walker, Miles & Stockbridge, Baltimore, MD, for appellees.

## MEMORANDUM OPINION

ALEXANDER HARVEY, II, Senior District Judge.

EquiMed, Inc. ("EquiMed") is the debtor in a Chapter 7 bankruptcy case pending

in the United States Bankruptcy Court for the District of Maryland ("the Bankruptcy Court"). In these two consolidated appeals, EquiMed has challenged Orders entered by the Bankruptcy Court at an early stage of the bankruptcy proceedings.

In Civil No. H–00–1279, appellant EquiMed contends that the Bankruptcy Court erred in entering its Orders of March 3, 2000 and March 31, 2000. In Civil No. H–00–1555, EquiMed challenges the Order entered by the Bankruptcy Court on April 27, 2000. Appellant's motion to consolidate these two appeals has been granted by this Court. Both appeals will therefore be addressed herein.

Briefs have been filed by the parties, and the record on appeal has been reviewed by the Court. In view of the parties' briefing and the extensive record before it, this Court concludes that oral argument is not needed. *See* Bankruptcy Rule 8012. For the reasons stated herein, this Court will affirm the Bankruptcy Court's Order of March 3, 2000, will affirm that Court's Order of March 31, 2000 and will affirm that Court's Order of April 27, 2000.

# I

## Background Facts

On February 4, 2000, certain creditors ("petitioners or appellees") filed an involuntary petition in the Bankruptcy Court seeking relief against EquiMed under Chapter 7 of the Bankruptcy Code. That same day, petitioners filed an emergency motion for the appointment of an interim trustee. On February 21, 2000, EquiMed filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania. On February 24, 2000, EquiMed moved to dismiss the involuntary petition, contending, *inter alia*, that venue was not proper in Maryland and that its bankruptcy case in the Middle District of Pennsylvania should be allowed to proceed.

On March 2, 2000, an evidentiary hearing was held before Chief Bankruptcy Judge Paul Mannes on EquiMed's motion to dismiss the involuntary petition and on the petitioners' motion for the appointment of a trustee. In his Memorandum of Decision entered on March 3, 2000, Judge Mannes denied EquiMed's motion to dismiss the involuntary petition and granted the petitioners' motion for appointment of an interim trustee. An Order to such effect was entered that same day.

EquiMed then filed a motion for reconsideration seeking to vacate the Order of March 3, 2000. Judge Mannes denied that motion for reconsideration by Order dated March 31, 2000.

Following a hearing held on April 26, 2000, Judge Mannes entered an Order on April 27, 2000 granting the involuntary petition and granting relief under Chapter 7 of the Bankruptcy Code against EquiMed. In that Order, he determined that the petitioners and other creditors who had joined in the involuntary petition held unsecured claims not subject to a bona fide dispute and noted that EquiMed had admitted that it was not paying its debts as such debts became due.

# II

## Issues on Appeal

In this consolidated appeal, EquiMed contends that the bankruptcy judge committed reversible error (1) in finding that venue was proper in this district; (2) in refusing to dismiss the involuntary petition for lack of venue; (3) in refusing to reconsider the venue issue; (4) in excluding further evidence on the issue of venue at the April 26, 2000 hearing; and (5) in entering the Order of Relief of April 27, 2000. The principal overriding issue presented by these arguments is whether the Bankruptcy Court properly determined that venue for this bankruptcy case existed in Maryland. Under 28 U.S.C. § 1408(1), a case under Title 11 may be commenced in the district court for the district "in

which the domicile, residence, principal place of business in the United States, *or principal assets in the United States,* of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement ...." (Emphasis added).

Appellees argue that the Bankruptcy Court's finding that the principal assets of EquiMed were located in Maryland was not clearly erroneous. They further contend that since the Bankruptcy Court had conducted an evidentiary hearing on March 2, 2000 on the venue issue, it properly precluded EquiMed from once again litigating that issue at the April 26, 2000 hearing. Finally, appellees argue that since the Bankruptcy Court had correctly decided the venue issue, it properly entered the Order of Relief on April 27, 2000.

▮ The standard of review applicable to the Bankruptcy Court's finding of venue is abuse of discretion. *Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1200 (4th Cir.1993). Findings of fact made by the Bankruptcy Court may not be set aside unless clearly erroneous. Bankruptcy Rule 8013; *In re Green,* 934 F.2d 568, 570 (4th Cir.1991). To conclude that a finding of fact is clearly erroneous, the reviewing court must be left with the definite and firm conviction on the entire evidence that a mistake has been committed. *Id.*

## III

### *Discussion*

#### (a)

##### *Venue*

▮ Since EquiMed did not have its principal place of business or domicile in Maryland, venue would be proper in this district only if EquiMed had its principal assets in Maryland during the 180 days

prior to the filing of the petition. At the day-long evidentiary hearing held before Judge Mannes on March 2, 2000, the parties presented substantial evidence relating to the question whether EquiMed had significant assets in this district during the applicable time. During the morning session, Dr. Douglas R. Colkitt, the Chairman, Chief Executive Officer and principal shareholder of EquiMed ("Colkitt"), testified that EquiMed had no significant assets or operations in Maryland. Shortly before lunch, counsel for the petitioners commenced cross-examination of Colkitt. They sought to prove by EquiMed's own documentation that the debtor owned and operated cancer treatment centers in Maryland and that the debtor's business, assets and operations in Maryland constituted EquiMed's principal assets. After some thirty-five minutes of counsel's cross-examination of Colkitt, Judge Mannes declared a lunch recess and instructed the parties to be back in his courtroom at 2:00 p.m. to continue Colkitt's cross-examination.

Colkitt and EquiMed's attorney failed to appear at 2:00 p.m. Shortly thereafter, counsel for EquiMed appeared and reported that Colkitt would not submit to further cross-examination. The Court Security Officer was then directed to locate Colkitt if he was in the building and bring him to Judge Mannes' courtroom. At approximately 2:45 p.m., the Court Security Officer returned to the Courtroom with Colkitt who refused to take the witness stand. Judge Mannes then found Colkitt to be in contempt of Court and ordered him to take the witness stand if he wished to purge himself of contempt. Once again, Colkitt refused to present himself for further cross-examination.[1] Counsel for the petitioners were then permitted to proffer at the hearing facts which would have been

---

**1.** In his Memorandum of Decision of March 3, 2000, Judge Mannes found that "during his testimony and during his time in the courtroom, Dr. Colkitt behaved in an irrational

manner, particularly when matters went in a direction that he did not think beneficial" and that the "actions of Dr. Colkitt frustrated the course of the hearing."

developed through cross-examination of Colkitt.

Documentary evidence produced by counsel for the petitioners indicated that EquiMed owned and operated radiation oncology centers in several states. Six of these centers were located in Maryland.[2] Financial statements of EquiMed for the year ending December 31, 1998 revealed income from the centers in Maryland totaling some $7,857,000. Records of the Maryland Department of the Environment indicated that EquiMed was still licensed for the handling of radioactive materials at six cancer treatment centers in Maryland.

Evidence produced at the hearing before Judge Mannes disclosed that at one time EquiMed had operated ten cancer treatment centers in Pennsylvania. However, beginning in December 1998, EquiMed sold or conveyed six of these Pennsylvania centers, leaving a total of only four that continued to operate in Pennsylvania. As a result of these sales, the evidence before Judge Mannes indicated that, although EquiMed owned centers in other states, the largest concentration of cancer treatment centers owned by EquiMed was located in Maryland.

The petitioners likewise presented at the hearing before Judge Mannes the transcript of a motion hearing held before the undersigned on May 26, 1999 in the related case of *United States ex rel. Rahman v. Oncology Associates, P.C., et al.,* Civil No. H–95–2241. In the *Rahman* action, this Court had entered a Temporary Restraining Order.[3] Under that Order, the defendants in the case, including EquiMed, were not permitted to sell or transfer assets outside of the ordinary course of business without providing notice and gaining approval from the United States. By way of their motion filed in the *Rahman* case, EquiMed and certain other defendants sought at the May 1999 hearing this Court's approval for the sale of certain assets, including assets of EquiMed located at four cancer treatment centers in Maryland.

In an oral opinion rendered on May 26, 1999, the undersigned denied the defendants' motion. The transcript of the hearing and this Court's oral opinion indicated that EquiMed had significant assets in Maryland at the time of the hearing.[4]

In his Memorandum of Decision of March 3, 2000, Judge Mannes found that the largest group of EquiMed assets were located in Maryland. This finding was based on records of EquiMed and on the transcript of the hearing before the undersigned on May 26, 1999 in the *Rahman* case, including the undersigned's oral opinion. Accordingly, Judge Mannes determined that venue in the bankruptcy case before him was properly laid in Maryland.

Following its review of the transcript of the evidentiary hearing held before Judge Mannes on March 2, 2000 and of pertinent documents introduced in evidence at that hearing, this Court has determined that the findings made by Judge Mannes were not clearly erroneous. Accordingly, this Court concludes that it was not an abuse of discretion for Judge Mannes to determine that venue existed in Maryland.

Relying principally on the testimony of Colkitt, appellant first argues that the evidence presented at the hearing before Judge Mannes demonstrated that EquiMed had no significant assets in this

---

2. In their opening brief, counsel for the appellant concedes that in their proffer made at the hearing before Judge Mannes, the attorneys for the petitioners "offered evidence that EquiMed had owned significant assets in Maryland prior to the end of 1998 . . ."

3. That Temporary Restraining Order has been converted into a Preliminary Injunction and is still in effect.

4. The attorney for Colkitt stated, *inter alia,* during his proffers of evidence at that hearing that there were potential buyers who were seeking the purchase "of radiation therapy treatment centers owned by EquiMed in Maryland."

district. Colkitt so testified, but Judge Mannes rejected that testimony *in toto* as he had a right to do.[5] It was for the Bankruptcy Court to judge the credibility of witnesses appearing before him. *See* Bankruptcy Rule 8013. Not only were Colkitt's answers to questions on cross-examination found by Judge Mannes to be "evasive and unresponsive," but it is also apparent that Colkitt had attempted to frustrate the outcome of the hearing by refusing to appear after the luncheon recess and submit to further cross-examination. Judge Mannes accordingly had every right to find Colkitt's testimony unworthy of belief and had the further right to permit the petitioning creditors to present by their proffers and by the introduction of various exhibits evidence establishing that EquiMed had significant assets in Maryland.

Relying on observations made by Judge Mannes at the close of the March 2 hearing, appellant argues that petitioners did not at that hearing meet their burden of establishing that venue was proper in this district. Judge Mannes noted that he had seldom encountered "a murkier record" than the one before him and that "we know precious little about the location of the principal assets in the United States." However, he attributed those difficulties to the fact that Colkitt "has done everything possible to forestall any investigation of his affairs and the corporation's affairs and to throw whatever road block that he could in front of the case." Whatever observations Judge Mannes might have orally made near the end of the March 2 hearing, he made clear factual findings in his Memorandum of Decision of March 3, 2000. Those findings support his decision that venue in the bankruptcy case did exist in Maryland.

In neither its opening brief nor in its reply brief does appellant EquiMed challenge evidence in the record before Judge Mannes establishing that in late 1998 EquiMed owned significant assets in Maryland. Rather, appellant argues that the petitioners did not satisfy the requirements of § 1408(1) by proving that the principal assets of EquiMed were located in Maryland 180 days immediately preceding the commencement of the bankruptcy proceedings. The record here does not support this argument. Pursuant to a proffer made by the petitioners during the March 2 hearing before Judge Mannes, four cancer centers were still open and operating in Maryland in March of 2000. Moreover, appellant overlooks the fact that the Temporary Restraining Order entered by the Court in the *Rahman* action prohibited the transfer by EquiMed of any assets during the pendency of the *Rahman* case without the government's or this Court's approval. The record in the *Rahman* case establishes that no such approval was ever obtained. EquiMed presented no evidence to Judge Mannes indicating that there were sales of its Maryland cancer centers after 1998. It was therefore not clearly erroneous for Judge Mannes to determine that assets owned by EquiMed in Maryland in early 1999 were likewise owned by it in early August of 1999, which was 180 days before the commencement of these bankruptcy proceedings.

Appellant EquiMed argues that the motion hearing held in the *Rahman* case on May 26, 1999 involved only assets of Nixon Equipment Corp. ("Nixon"), a wholly owned subsidiary of EquiMed. That same argument was made at the hearing and was rejected by the undersigned. Nixon did own equipment located in EquiMed's cancer centers, and EquiMed had argued

---

5. Colkitt appeared at the hearing before the undersigned on May 26, 1999 in the *Rahman* action and made certain statements in support of defendants' motion for approval of the sale of the assets of cancer treatment centers in Maryland. In his oral opinion rendered at the close of the hearing, the undersigned found that Colkitt and the other defendants had not been forthcoming in describing the nature of the proposed deal and that there had been material omissions of facts concerning the legitimacy of the proposed transaction.

at the hearing that the transaction sought to be approved by this Court did not involve the transfer of assets outside of the ordinary course of business. In his oral opinion, the undersigned determined that EquiMed and the other defendants had not been forthcoming in describing the transaction at issue as merely a sale of Nixon's assets. In refusing to authorize the sale, this Court found that the purchaser would be taking over the entire cancer center businesses of EquiMed, a transaction not permitted by the Temporary Restraining Order.

For all these reasons, this Court concludes that the Bankruptcy Court did not abuse its discretion in determining that venue is proper in this district and in denying EquiMed's motion to dismiss the involuntary petition.

### (b)

### EquiMed's Motion for Reconsideration

Appellant EquiMed also contends that the Bankruptcy Court erred in denying EquiMed's motion seeking reconsideration of that Court's Order of March 3, 2000. In an Order entered on March 31, 2000, Judge Mannes found that no cause existed for reconsideration of the March 3 Order and denied EquiMed's motion for reconsideration.

In the motion for reconsideration filed by it in the Bankruptcy Court, EquiMed did little more than repeat its earlier arguments that the petitioners had not met their burden of proving venue. As discussed hereinabove, those arguments are meritless. Accordingly, the Court is satisfied that Judge Mannes properly denied EquiMed's motion for reconsideration.

### (c)

### The April 26, 2000 Hearing

■ On April 26, 2000, the Bankruptcy Court held a hearing to determine whether, pursuant to the involuntary petition filed against EquiMed by the petitioning creditors, the Court should enter an Order for relief under Chapter 7 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 303(h), the issue presented by the invol-untary petition filed against EquiMed was whether the debtor was generally not paying its debts as they became due. The three petitioning creditors had been joined by three additional creditors, all of whom held unsecured claims against EquiMed. At the hearing, EquiMed admitted that it was generally not paying its debts as such debts became due. Accordingly, on April 27, 2000, the Bankruptcy Court entered an Order for Relief granting the involuntary petition and granting relief under Chapter 7 against EquiMed.

At that hearing, EquiMed once again attempted to relitigate the venue issue. In its Memorandum of Decision of March 3, the Bankruptcy Court had ruled that venue was properly laid in Maryland and that ruling had been confirmed in the Court's Order of March 31 denying EquiMed's motion for reconsideration. At the hearing held on April 26, 2000, the Bankruptcy Court quite properly declined to permit EquiMed to litigate for the third time the venue issue.

■ The Bankruptcy Court's earlier ruling on the venue issue represented the law of the case. It is well established that, when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). This Court concludes that EquiMed was precluded by the law of the case doctrine from presenting at the April 26 hearing evidence in support of its contention that venue did not exist.

EquiMed argues that the law of the case doctrine is not applicable when a subsequent trial or proceeding produces substantially different evidence on the issue. *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir.1999). But here the evidence proffered by EquiMed at the April 26 hearing was not substantially different from that presented to Judge Mannes at the March 2 hearing and rejected by him. A full hearing had been held on March 2 at which time EquiMed and Colkitt had been

given every opportunity to offer testimony and exhibits relating to the location of EquiMed's principal business and assets. When Colkitt attempted to frustrate the course of the hearing by refusing to submit to proper cross-examination on March 2, Judge Mannes did not abuse his discretion by refusing to permit him to present similar evidence at the April 26 hearing. Having raised and lost the venue issue some six weeks earlier, EquiMed was not entitled to present similar evidence and relitigate the same issue some six weeks later during a hearing held pursuant to § 303(h).

For these reasons, this Court concludes that the Bankruptcy Court properly excluded further evidence on the issue of venue at the April 26 hearing and that it properly entered the Order for Relief against EquiMed on April 27.

## IV

### Conclusion

For all the reasons stated, this Court concludes that there is no merit to EquiMed's appeal either in Civil No. H–00–1279 or in Civil No. H–00–1555. An appropriate Order will be entered by the Court.