**In re EquiMED, INC., Debtor.**

**EquiMed, Inc., et al., Plaintiffs,**

v.

**Steadfast Insurance Company and Reliance Insurance Company of Illinois, Defendants.**

No. CIV.H–00–2728.
Bankruptcy No. 00–1–1147–PM.
Adversary No. 00–1430–PM.

United States District Court,
D. Maryland.

Oct. 20, 2000.

Lawrence G. McMichael, Peter C. Hughes, Dilworth Paxson, LLP, Philadelphia, PA, for Joanne Russell.

Stephanie Wickouski, Reed, Smith, Shaw & McClay, Washington, DC, for EquiMed, Inc.

Jodi L. Cleesattle, Ross, Dixon & Bell, LLP, Wahington, DC, David M. Gische, Washington, DC, for Steadfast Ins. Co.

Steadfast Insurance Co., State College, PA, pro se.

Daniel James Standish, Wiley, Rein & Fielding, Washington, DC, for Reliance Ins. Co.

Irving E. Walker, Miles & Stockbridge, Baltimore, MD, for appellees.

Roger C. Spaeder, Zuckerman, Spaeder, Moore, Taylor & Kolkoer, Washington, DC, Nelson C. Cohen, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, DC, for Merrill Cohen.

### *MEMORANDUM AND ORDER*

ALEXANDER HARVEY, II, Senior District Judge.

Joanne Russell ("Russell") is one of the plaintiffs in certain insurance coverage litigation which is before the United States Bankruptcy Court for the District of Maryland. The defendants in that litigation are Steadfast Insurance Company ("Steadfast") and Reliance Insurance Company of Illinois ("Reliance"). Presently pending before this Court is Russell's motion to withdraw the reference of that litigation and for remand of it by this Court to a state court in Pennsylvania or for abstention.

The litigation in question (hereinafter referred to as the "Coverage Action") was originally commenced in the Court of Common Pleas of Centre County, Pennsylvania on May 6, 1999 and has had a tortuous history since then. After being removed to the United States Bankruptcy Court for the Middle District of Pennsylvania, the Coverage Action was later transferred from the Pennsylvania Bankruptcy Court to the Maryland Bankruptcy Court where it now is a part of the *EquiMed* bankruptcy proceedings. *In re EquiMed, Inc.*, 253 B.R. 391 (D.Md.2000), Bankruptcy No. 00–1-1147–PM. The Coverage Action has been docketed in the *EquiMed* bankruptcy case as Adversary No. 00–1430–PM. Movant Russell has here asked this Court to withdraw the reference of the Coverage Action and, after such withdrawal, to re-

mand it to the Court of Common Pleas of Centre County, Pennsylvania or to abstain.[1]

In support of her motion, Russell has submitted a memorandum of law and various exhibits. Separate oppositions to Russell's motion have been filed by Steadfast and Reliance (the defendants in the Coverage Action) and by the bankruptcy Trustee. Memoranda and numerous exhibits have been submitted by the defendants and the Trustee. Recently, movant Russell has filed a reply to the oppositions of the defendants and the Trustee.

The Court has now had an opportunity to review the memoranda and exhibits filed in support of and in opposition to the pending motion. No hearing is necessary for a decision. *See* Local Rule 105.6. For the reasons stated herein, Russell's motion to withdraw the reference of the insurance coverage litigation in question and for remand of that litigation to the state court or for abstention will be denied.

I

*Background Facts*

The Coverage Action at issue here is related to *United States ex rel. Rahman v. Oncology Associates, P.C., et al.,* Civil No. H–95–2241, 2000 WL 1074304 ("*Rahman*"), a case that has been pending in this Court for some time. EquiMed, Inc. ("EquiMed"), Russell and other officers and directors of EquiMed are defendants in that case. The officers and directors of EquiMed were insured against claims made against them under a director and officer liability policy issued by Steadfast. Russell and these other officers and directors were also insured against claims against them in excess of the Steadfast policy under a separate policy issued by Reliance. In addition to the *Rahman* action pending in this Court, there are many other suits pending in other courts in which EquiMed and its officers and directors have been named as defendants.

On May 6, 1999, EquiMed, Russell, Douglas Colkitt, Jerome Derdel, and Billing Services, Inc. (hereinafter the "plaintiffs") filed the Coverage Action against Steadfast in the Court of Common Pleas of Centre County, Pennsylvania. Claims for breach of contract and bad faith were asserted. Following an evidentiary hearing on the plaintiffs' motion for a preliminary injunction, Judge David Grine issued an Opinion and Order on October 12, 1999 requiring Steadfast to provide defense counsel for the insured officers and directors in the *Rahman* action *EquiMed, Inc., et al. v. Steadfast Insurance Company,* No. 1999–585 (Court of Common Pleas of Centre County, Pennsylvania). Appeals from that Opinion and Order are pending before the Superior Court of Pennsylvania.

While those appeals were pending, Reliance was added as a defendant in the Coverage Action. On February 4, 2000, certain creditors filed an involuntary petition in bankruptcy with respect to EquiMed in the United States Bankruptcy Court for the District of Maryland. *In Re EquiMed, Inc.,* Bankruptcy No. 00–1–1147–PM. Thereafter, EquiMed was adjudicated by the Maryland Bankruptcy Court to be a debtor under Chapter 7 of the United States Bankruptcy Code. On February 21, 2000, EquiMed filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Middle District of Pennsylvania.[2] On May 12, 2000, Reliance filed a Notice of Removal in the Pennsylvania Bankruptcy Court, alleging that the state Coverage Action may have an effect upon the assets of the EquiMed bankruptcy estate and that the policies of insurance at issue in the Coverage Action might be deemed to be property of the EquiMed bankruptcy

---

1. Russell is only one of the plaintiffs in the Coverage Action. It is not entirely clear from the record here whether the other plaintiffs have joined in her request to withdraw the reference of that litigation.

2. Pursuant to an Order entered by the Maryland Bankruptcy Court on May 31, 2000, the Pennsylvania bankruptcy case was thereafter stayed.

estate in the bankruptcy cases pending in Maryland and Pennsylvania. That same day, Reliance filed a motion to transfer the Coverage Action from the Pennsylvania Bankruptcy Court to the Maryland Bankruptcy Court. The plaintiffs in the Coverage Action then filed a motion to sever their claims against the insurers and to remand the matter back to the state court, or in the alternative to abstain from exercising jurisdiction and remand the entire matter back to the state court. That motion was fully briefed in the Pennsylvania Bankruptcy Court.

In an Order entered on July 27, 2000, Chief Bankruptcy Judge Robert J. Woodside of the United States Bankruptcy Court for the Middle District of Pennsylvania transferred the Coverage Action to the United States Bankruptcy Court for the District of Maryland. Bankruptcy No. 1–00–01500. Judge Woodside did not address the substance of the issues raised by the plaintiffs' motion to sever and remand, stating that he believed that those issues should properly be addressed by the Maryland Bankruptcy Court.

Thereafter, plaintiff Russell filed the pending motion asking this Court to withdraw the reference with respect to the Coverage Action and thereafter to remand the matter to the state court or abstain.

## II

### Discussion

■ For this Court to exercise its discretionary power to withdraw reference of all or any part of a case filed in the Bankruptcy Court, it must comply with 28 U.S.C. § 157(d). Pursuant to Bankruptcy Rule 5011(a), a motion for withdrawal of a case or proceeding shall be heard by the District Court.

Section 157(d) provides in pertinent part as follows:

The district court *may* withdraw, *in whole or in part*, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. (Emphasis added).

On May 2, 2000, this Court entered an Order withdrawing reference of the *EquiMed* bankruptcy case with respect to all matters which the proposed settlement in the *Rahman* action had designated for bankruptcy court review and with respect to an adversary proceeding filed by the Trustee in the *EquiMed* bankruptcy case. As withdrawn, that case was docketed in this Court as *In re Equimed, Inc.*, Civil No. H–00–1216. In a Memorandum and Order entered on July 24, 2000 in the *Rahman* case, in Civil No. H–00–1216 and in Civil No. H–00–1569, this Court denied motions seeking to vacate its Order withdrawing from the Bankruptcy Court the aforesaid settlement matters and the aforesaid adversary proceeding. In that same Memorandum and Order, this Court also denied a motion filed by Dr. Colkitt seeking to withdraw reference of the entire bankruptcy case. (Slip op. at 13). This Court determined that the movants had not convinced it that withdrawal of the entire bankruptcy case would promote judicial economy and the economic use of the parties' resources. This Court noted that its Order of May 2, 2000 had effected the withdrawal of only two discreet matters and further stated (Slip op. at 14):

The vast majority of other aspects of the EquiMed bankruptcy case have only a tangential relationship to what has been withdrawn and involve matters traditionally handled by a bankruptcy judge.

On the record here, this Court, in the exercise of its discretionary authority, concludes that movant Russell has not shown cause for withdrawal of the Coverage Action. The primary reason advanced by the movant in support of her motion is that plaintiffs have not consented to a jury trial in the Bankruptcy Court and that withdrawal of reference is therefore required because the Coverage Action must be tried before a jury in this Court. However, it is apparent from Russell's pleadings and memoranda that plaintiffs in the Coverage

Action are not at all interested in having the Coverage Action tried before a jury in this Court. On the one hand, they suggest that they do want a jury trial here. However, in the next breath, they ask this Court to withdraw reference and then remand the case to the Court of Common Pleas of Centre County, Pennsylvania for trial. The Coverage Action has been removed from the Pennsylvania Bankruptcy Court to the Maryland Bankruptcy Court and is now before Chief Judge Mannes in the EquiMed bankruptcy case pending before him. A status conference relating to the removal of the Coverage Action to the Maryland Bankruptcy Court has now been scheduled before Judge Mannes on November 8, 2000. Plaintiffs' motion to sever and remand the Coverage Action back to the state court was initially filed in the Pennsylvania Bankruptcy Court and was fully briefed. In his Order of July 27, 2000, Judge Woodside ruled as follows:

I will not address the substance of the issues presented because I believe they should properly be addressed by the Maryland bankruptcy court. Maryland is the court that has jurisdiction over the bankruptcy case and therefore should make the determination of the issues raised by the parties in this case. (Slip op. at 3).

■ This Court is in full agreement with Judge Woodside's ruling. Whether or not the Coverage Action should remain as a part of the EquiMed bankruptcy case involves matters traditionally handled by a bankruptcy judge. In considering a motion for remand under 28 U.S.C. § 1452(b), a bankruptcy court should consider the following: "(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness to the proceeding in the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to involuntarily removed defendants," as well as "the efficient use of judicial resources, the possibility of inconsistent results and the expertise of the court where the action originated." *In re Merry–Go–Round Enterprises, Inc.,* 222 B.R. 254, 257 (D.Md. 1998), *aff'd* 180 F.3d 149 (4th Cir.1999). It is the Maryland Bankruptcy Court and not this Court which should consider and apply these factors in determining whether the Coverage Action should be remanded to the Pennsylvania state court.

On this record, movant Russell has not convinced the Court that withdrawal of the Coverage Action would promote judicial economy and the economic use of the parties' resources. In less than three weeks, a conference is scheduled before Judge Mannes at which time he will be considering the status of the Coverage Action. If Judge Mannes considers the plaintiffs' motion to remand and grants that motion, the Coverage Action will be returned to the Court of Common Pleas for Centre County, Pennsylvania. If the motion to remand is denied, this Court is satisfied that the Maryland Bankruptcy Court should have "the responsibility for supervising discovery, conducting pretrial conferences and other matters short of the jury selection and trial." *In re Stansbury Poplar Place, Inc.,* 13 F.3d 122, 128 (4th Cir.1993). Only then would the Coverage Action be later withdrawn to this Court for a jury trial.

■ Relying on 28 U.S.C. § 1334(c)(1) and (c)(2), movant Russell has in the alternative requested that this Court abstain from exercising jurisdiction over the Coverage Action. Once again this is a matter which should be addressed by Judge Mannes. Virtually the same if not the identical factors apply for judging the propriety of abstention as have been articulated for deciding the propriety of a remand. *Merry–Go–Round Enterprises,* 222 B.R. at 256. This Court has concluded that the movant has not shown good cause for withdrawal of the reference of the Coverage Action. Since reference is not being withdrawn, the Coverage Action is not before this Court, and this Court accordingly has

no jurisdiction to consider the movant's request that it abstain.

For all the reasons stated, the pending motion of Joanne Russell for withdrawal of reference and for other relief will be denied. Accordingly, it is this _____ day of October, 2000 by the United States District Court for the District of Maryland,

ORDERED:

1.  That the motion of Joanne Russell to withdraw reference with respect to insurance coverage litigation with Steadfast Insurance Company and Reliance Insurance Company and for abstention or remand to state court is hereby denied; and

2.  That the Clerk is directed to close this case.