**In re EQUIMED, INC., Debtor.**

**Keystone Oncology, LLC, Plaintiff,**

**v.**

**Merrill Cohen, Chapter 7 Trustee for EquiMed, Inc.; Treatment Centers Limited Partnership and PFG Capital Corporation, Defendants.**

**Civ. No. H–00–3487.**
**Bankruptcy No. 00–1–1147–PM.**
**Adversary No. 00–1469–PM.**

United States District Court,
D. Maryland.

Feb. 12, 2001.

Guy S. Neal, Brown & Wood LLP, Washington, DC, for plaintiff.

Matthew Ralph Goldman, Baker & Hostetler, LLP, Cleveland, OH, for defendant.

Joyce A. Kuhns, Saul Ewing, LLP, for Treatment Centers Ltd. and PFG Capital Corp.

## MEMORANDUM AND ORDER

HARVEY, Senior District Judge.

Bankruptcy proceedings involving EquiMed, Inc. ("EquiMed") were commenced on February 4, 2000 when certain creditors filed an involuntary petition in bankruptcy in the United States Bankruptcy Court for the District of Maryland. *In re EquiMed, Inc.*, Bankruptcy No. 00–1–1147–PM. Merrill Cohen was thereafter appointed Trustee for the bankruptcy estate of the debtor EquiMed. On April 27, 2000, the Trustee filed in the Bankruptcy Court an adversary proceeding naming as defendants some 89 persons and entities. Adversary No. 00–1180–PM (the "Trustee Adversary Proceeding").

On May 2, 2000, this Court entered an Order withdrawing reference of the EquiMed bankruptcy case with respect to all matters which the proposed settlement in the related *Rahman* action[1] had designated for Bankruptcy Court review and with respect to the Trustee Adversary Proceeding. As withdrawn, that case has been docketed herein as *In re EquiMed, Inc.*, Civil No. H–00–1216 (the "EquiMed case"). In its Memorandum and Order of July 24, 2000 entered in the *Rahman* case, in the *EquiMed* case and in Civil No. H–00–1469, this Court, *inter alia,* denied motions seeking to vacate its Order withdrawing from the Bankruptcy Court reference of the Trustee Adversary Proceeding. *In re EquiMed, Inc.*, 2000 WL 1074304 (D.Md.2000). In that same Memorandum and Order, this Court also denied a motion filed by Dr. Douglas R. Colkitt seeking to withdraw reference of the entire bankruptcy case. *Id.* at *6.

On August 31, 2000, Keystone Oncology, LLC ("Keystone") filed a complaint in the *EquiMed* bankruptcy case which was docketed therein as Adversary No. 00–1469 (the "Keystone Adversary Proceeding"). In that action, Keystone primarily sought a declaratory judgment determining which party had a sublease interest in certain real property located at 775 South Arlington Avenue, Harrisburg, Pennsylvania (the "Premises"). Named as defendants in the Keystone Adversary Proceeding are EquiMed's Trustee Merrill Cohen, Treatment Centers Limited Partnership ("Treatment Centers") and PFG Capital Corporation ("PFG").[2]

The Trustee has now filed in this Court a motion to withdraw reference of the Keystone Adversary Proceeding and to consolidate that case with Civil No. H–00–1216. The Trustee contends that the Keystone Adversary Proceeding and the Trustee Adversary Proceeding should be consolidated for reasons of judicial economy and because common legal and factual issues are involved in the two cases.

In support of his motion, the Trustee has submitted a memorandum of law and various exhibits. An opposition to the Trustee's motion has been filed by Keystone and a separate opposition has been jointly filed by Treatment Centers and PFG. Memoranda and exhibits in support of and in opposition to the pending motion to withdraw reference have been submitted by the parties.

The Court has now had an opportunity to review the parties' submissions and has determined that no hearing is necessary for a decision. *See* Local Rule 105.6. For the reasons stated herein, the Trustee's motion to withdraw reference of the Keystone Adversary Proceeding and to consolidate that case with Civil No. H–00–1216 will be denied.

1. *United States ex rel. Rahman v. Oncology Associates, P.C., et al.,* Civil No. H–95–2241.

2. PFG is presently a general partner of Treatment Centers.

# I

## Background Facts

Keystone presently operates the Greater Harrisburg Cancer Center (the "Center") which is located at the Premises in Harrisburg, Pennsylvania. Treatment Centers and PFG are together the owner of the Premises (hereinafter referred to jointly as "the Landlord"). Keystone claims to be the sublessee of the Premises which had earlier been sublet to EquiMed. According to Keystone, the Landlord consented in February of 1999 to the transfer of EquiMed's interest in the Premises to Keystone. However, although having earlier indicated that it would approve the transfer, the Landlord in May of 1999 advised EquiMed that it was not approving EquiMed's subletting of the Premises to Keystone. In the complaint filed by it in the Adversary Proceeding, Keystone has asked the Bankruptcy Court to declare that it is entitled to continued possession of the Premises pursuant to the terms of the EquiMed sublease and to further declare that the EquiMed sublease does not constitute property of EquiMed's bankruptcy estate.

Litigation of the Keystone Adversary Proceeding is well under way in the Bankruptcy Court. A pretrial conference was held on November 2, 2000, and dates were set for the completion of discovery and for a trial of the case. The discovery deadline has now been extended by consent until March 15, 2001, and the deadline for the submission of dispositive motions has been set for April 13, 2001. The trial has been scheduled for June 7, 2001.[3] According to Keystone, the trial is scheduled to last less than one-half day.

Pursuant to Scheduling Order II entered by this Court on November 29, 2000 in Civil No H-00-1216, depositions and all other discovery in the Trustee Adversary Proceeding must be completed by August 31, 2001. Motions for summary judgment or other substantive motions must be filed by September 10, 2001, and a pretrial conference has been scheduled in the EquiMed case for September 20, 2001. No trial date has been set pending the filing by the parties of dispositive motions and the scheduling of a hearing on such motions.

# II

## Discussion

In his motion to withdraw reference and to consolidate, the Trustee asserts that determination of the ownership of the leasehold interest in the Premises is integral to both the Keystone Adversary Proceeding and the Trustee Adversary Proceeding. The Trustee argues that for the efficient administration of the debtor's bankruptcy estate, there must be a consistent determination of that issue. In the Trustee Adversary Proceeding, he has sought to avoid and recover for the estate of the debtor EquiMed fraudulent transfers of property, and it is argued that the sublease under which Keystone is operating the Center was fraudulently transferred away from the debtor. The Trustee maintains that common issues of fact and law are before the Court both in the Keystone Adversary Proceeding and in the Trustee Adversary Proceeding, and he asks that following withdrawal of reference of the Keystone Adversary Proceeding, the two matters be consolidated pursuant to Bankruptcy Rule 7042 and Rule 42(a) of the Federal Rules of Civil Procedure.

Keystone, Treatment Centers and PFG all oppose the Trustee's motion. They claim that the Trustee has not shown proper cause for withdrawal of the Keystone Adversary Proceeding. According to these three parties, the case is well under way in the Bankruptcy Court. They maintain that withdrawal and consolidation

---

3. In its opposition to the Trustee's motion, Keystone indicated that February 1, 2001 was the discovery deadline in the case and that the trial date was May 31, 2001. These dates have recently been extended by agreement of the parties.

would inordinately delay a determination of the issues raised by Keystone's complaint, with resulting prejudice to each of them.

■■■ The parties agree that the Keystone Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). As the Trustee himself previously argued in opposing withdrawal of reference of the Trustee Adversary Proceeding, a core bankruptcy proceeding is best resolved in a bankruptcy court. *In re EquiMed, Inc.*, 2000 WL 1074304 at *6. In that case, this Court determined that the circumstances were unique and exceptional. *Id.* Here, the matters raised by Keystone's complaint relate to a property interest claimed to be owned by the debtor and by others, matters traditionally handled by a bankruptcy judge.

This is clearly not a case in which mandatory withdrawal is warranted. Therefore, this Court, in exercising its discretionary power to withdraw reference of all or any part of a bankruptcy case, must comply with 28 U.S.C. § 157(d), which provides in pertinent part as follows:

> The district court *may* withdraw, *in whole or in part*, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. (Emphasis added).

On the record here, this Court, in the exercise of its discretionary authority, concludes that the Trustee has not shown cause for withdrawal of reference of the Keystone Adversary Proceeding. The Trustee has not convinced the Court that withdrawal of that case would promote judicial economy and the economic use of the parties' resources. Although on three prior occasions the Trustee has opposed withdrawal of reference of all or parts of the EquiMed bankruptcy case, he is alone here in requesting that this Court rather

than the Bankruptcy Court should address the issues raised by Keystone's complaint. All three of the other parties in the Keystone Adversary Proceeding claim that the issues raised should be more appropriately decided by Judge Mannes in the Bankruptcy Court.

It is apparent that litigation of the issues in the Keystone Adversary Proceeding are well under way, and that these issues will be decided in the Bankruptcy Court much sooner than if the Trustee's motion to withdraw reference was granted and the two cases were consolidated. Interrogatories and requests for documents have been served and answered. The deadline for completion of discovery is merely a month away, whereas discovery in the Trustee Adversary Proceeding need not be completed until August 31, 2001. If the Keystone Adversary Proceeding is not decided by way of crossmotions for summary judgment, the trial, scheduled for June 7, 2001, is expected to last merely one-half day. At best, the trial of the Trustee Adversary Proceeding could not be held until nearly six months later, and that trial will undoubtedly be a lengthy one.

On two prior occasions, this Court has declined to withdraw reference of portions of the EquiMed bankruptcy case.[4] In its Memorandum and Order of July 24, 2000, the Court, noting that the Court's Order of May 2, 2000 had effected the withdrawal of only two discreet matters, denied the motion of defendant Colkitt and various other entities for withdrawal of reference of the entire bankruptcy case. *In re EquiMed, Inc.*, 2000 WL 1074304. In that ruling, this Court said the following (*Id.* at *6):

> The vast majority of other aspects of the EquiMed bankruptcy case have only a tangential relationship to what has been withdrawn and involve matters tradi-

---

4. On both of those occasions, the Trustee opposed withdrawal of reference of parts of the EquiMed bankruptcy case. *See In re EquiMed, Inc.*, 254 B.R. 347 (D.Md.2000) and *In re EquiMed, Inc.*, 2000 WL 1074304 (D.Md. July 24, 2000). As noted in the latter ruling, the Trustee also opposed withdrawal of reference of the Trustee Adversary Proceeding filed by him in the EquiMed bankruptcy case.

tionally handled by a bankruptcy judge.... The EquiMed bankruptcy case will in the future undoubtedly give rise to numerous, non-exceptional core proceedings which are best resolved in the Bankruptcy Court rather than in this Court. *See United States Life Ins. Co. v. Selman*, 1998 WL 278259 (W.D.Va.1998).

In its Memorandum and Order of October 20, 2000, this Court denied the motion of Joanne Russell to withdraw reference of Adversary No. 00–1430–PM which involved insurance coverage litigation involving, *inter alia*, EquiMed, Steadfast Insurance Company and Reliance Insurance Company. *In re EquiMed, Inc.*, 254 B.R. 347 (D.Md.2000). In that ruling, the Court concluded that the movant had not met her burden of showing that the withdrawal of the insurance coverage action would promote judicial economy and the economic use of the parties' resources.

 In determining whether a party has shown sufficient cause for a discretionary withdrawal, a court should take into account various relevant factors, including the uniformity of bankruptcy administration, forum shopping and confusion of fora, conservation of creditor and debtor resources, expediency of the bankruptcy proceeding, and the fact that equitable issues are posed, not requiring a jury trial but falling within the traditional equitable powers of a bankruptcy judge as chancellor. *Merryweather Importers, Inc. v. Wasserman*, 179 B.R. 61, 63 (D.Md.1995). Applying those factors here, this Court concludes that the Trustee has not satisfied his burden of showing cause for withdrawal of the Keystone Adversary Proceeding.

Most of the legal and factual issues in the two matters are not common. Key-

stone's complaint seeks essentially equitable relief. In its answer to Keystone's complaint, the Landlord claims that EquiMed's assignment to Keystone of its interest in the Premises was ineffective under Pennsylvania law because of the anti-assignment clause contained in the underlying sublease. In seeking a declaratory judgment or alternatively specific performance, Keystone in turn maintains that the Landlord consented to the assignment, that the Landlord is estopped by its conduct from asserting the anti-assignment clause, and that the Landlord has by its conduct waived the enforcement of that clause. These narrow issues are not present in the Trustee Adversary Proceeding. In that case, the Trustee named as defendants more than eighty persons and entities. His amended complaint contained eleven counts, many of which were based on provisions of the Bankruptcy Code.[5] Were this Court to grant the Trustee's pending motion, Treatment Centers and PFG would become part of a complex litigation involving many parties and numerous unrelated issues. Administration of EquiMed's bankruptcy estate will better be served if the Bankruptcy Court resolves the parties' conflicting claims to the property interests at issue. The economic use of both the debtor's and the creditors' resources will be fostered if the dispute addressed by Keystone's complaint is resolved at the trial scheduled in the Bankruptcy Court for June 7, 2001. Applying all relevant factors, this Court concludes that the Trustee has not here satisfied his burden of showing cause for withdrawal of reference of the Keystone Adversary Proceeding.[6]

For all the reasons stated, the Trustee's pending motion to withdraw reference and to consolidate will be denied.[7] According-

---

**5.** In its Memorandum and Order of October 30, 2000, the Court dismissed five of these eleven counts. However, six counts remain.

**6.** In view of the Court's determination that the Trustee has not met his burden under § 157(d), it is not necessary for the Court to

address Keystone's alternative argument that the Trustee's motion is untimely.

**7.** The Court will also deny the Trustee's alternative request that this Court should order that the Keystone Adversary Proceeding be

ly, it is this 12 day of February, 2001 by the United States District Court for the District of Maryland,

ORDERED:

1. That the motion of Trustee Merrill Cohen to withdraw reference and to consolidate is hereby denied;
2. That the Trustee's request that the Keystone Adversary Proceeding be stayed is hereby denied; and
3. That the Clerk is directed to close this case.

stayed pending the resolution of the Trustee Adversary Proceeding.