In re MERRY–GO–ROUND ENTERPRIS-
ES, INC., MGR Distribution Corpora-
tion, and MGRR, Inc., Debtors.

ERNST & YOUNG, LLP,
et al., Appellants,

v.

Deborah Hunt DEVAN, Chapter
7 Trustee, Appellee.

Bankruptcy Nos. 94–5–0161
through 0163–SD.
Civ.A. No. JFM–98–1203.

United States District Court,
D. Maryland.

June 23, 1998.

Robert J. Weltchek, Snyder, Weiner, Weltchek, Bogelstein & Brown, Baltimore, MD, for Plaintiff.

Kathleen M. McDonald, Kerr McDonald, Neil J. Dilloff, Richard M. Kremen, Piper & Marbury, Baltimore, MD, Stephen R. Mysliwiec, Piper & Marbury, Washington, DC, Joseph G. Finnerty, Jr., Piper & Marbury, New York City, for Defendant.

## MEMORANDUM

MOTZ, District Judge.

Ernst & Young LLP and Ernst & Young International, Inc. ("Ernst & Young") have appealed an order of the Bankruptcy Court remanding this action to the Circuit Court of Baltimore City, where it was originally filed. The order of remand will be affirmed.

### I.

This action is connected with bankruptcy proceedings commenced by Merry–Go–Round Enterprises, Inc. and two affiliated entities (collectively "MGRE"). On January 11, 1994, MGRE filed voluntary bankruptcy petitions, under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Maryland. Shortly thereafter, the court approved MGRE's application to hire Ernst & Young as an advisor to its reorganization. Ernst & Young performed a variety of duties for MGRE, and described its services in the interim fee applications that it submitted to the bankruptcy court. The attempt to reorganize the MGRE businesses ultimately failed, and on March 1, 1996, the Chapter 11 proceedings were con-

verted into liquidation proceedings under Chapter 7 of the Code.

On December 1, 1997, Deborah Hunt Devan, the Chapter 7 Trustee for MGRE, instituted a fraud and malpractice action against Ernst & Young in the Circuit Court for Baltimore City. The complaint alleged that Ernst & Young had concealed the fact that MGRE's bankruptcy counsel, Swidler & Berlin, was representing Ernst & Young in an unrelated matter in West Virginia, and that absent the concealment MGRE would not have retained Ernst & Young. The complaint further alleged that Ernst & Young acted negligently in providing advisory services and that this negligence caused MGRE's failure to reorganize successfully pursuant to Chapter 11.

Because of the pending bankruptcy proceedings, Ernst & Young removed the Circuit Court action to the bankruptcy court and moved to dismiss the fraud claims. Ernst & Young also answered the malpractice claims and asserted various defenses, and filed a counterclaim against Devan for payment of the remaining fees that MGRE owes it. Devan has served notice, in the bankruptcy proceedings, that she intends to oppose Ernst & Young's final fee applications because of the issues involving the quality and quantity of work performed.

Devan filed a motion to remand the fraud and malpractice action to state court pursuant to 28 U.S.C. § 1452(b). On March 18, 1998, Bankruptcy Judge E. Stephen Derby issued an oral opinion granting the motion.

## II.

■ Generally, a bankruptcy judge's decision to remand, like other discretionary decisions, is reviewable only for abuse of discretion. *See In re ACI–HDT Supply Co.,* 205 B.R. 231, 234 (9th Cir. BAP 1997). Ernst & Young acknowledges this well established principle. However, it argues that here the review should be plenary because, in exercising his discretion, Judge Derby relied upon one inapplicable principle while ignoring another very important one. *See Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 19, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

■ The principle recited by Judge Derby that Ernst & Young contends is inapplicable is that a court "should resolve all doubts in favor of remand." Ernst & Young may well be correct that this principle governs only situations, unlike the present case, in which there is a doubt about the existence of federal jurisdiction. However, Judge Derby's apparent mistake on this point does not mean that I should conduct a *de novo* review of his decision. The law entrusts to him the task of weighing pertinent factors and reaching a reasoned judgment on the remand issue. Therefore, at most I would simply send the case back to Judge Derby rather than making a *de novo* determination of my own. However, in my view this course of action would be an unnecessary waste of time and expense, since I am fully persuaded that Judge Derby was not simply "resolving doubts in favor of remand" when making his decision and that he would have ordered a remand in any event.

The principle that, in Ernst & Young's view, Judge Derby ignored is derived from the law of abstention: that a federal court has an obligation to adjudicate claims within its jurisdiction and may decline to do so only under exceptional circumstances. Ernst & Young is correct that such exceptional circumstances are not present here. Therefore, if the principle applies, Judge Derby's decision should be reversed.

■ The principle is, however, not relevant in determining whether a remand is proper under 28 U.S.C. § 1452(b). Some courts have conflated the concepts of abstention and remand in this context. This is due, in part, to the fact that the predecessor of § 1452 was enacted as a provision of the 1978 Bankruptcy Reform Act, which also included a provision, now codified as 28 U.S.C. § 1334(c)(1), authorizing permissive abstention by the bankruptcy courts. Further, virtually the same (if not the identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of a remand under § 1452(b).

This does not mean, however, that the doctrines of abstention and remand have

merged in the bankruptcy context. Certainly, if a bankruptcy court concludes that it should exercise its discretion under § 1334(c)(1) to abstain from deciding a claim that has been removed from state court, it would be appropriate to remand the case to state court. In such an instance, a remand mirrors the decision to abstain and provides the mechanism for implementing the abstention. It does not follow, however, that every remand decision must be justifiable under abstention law. Section 1452 itself provides the criterion for orders of remand, and it broadly states that a claim may be remanded "on any equitable ground," i.e., as interpreted by some courts, any "appropriate ground." *See, e.g., Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 133, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (Ginsburg, J., concurring); *In re United States Brass Corp.,* 110 F.3d 1261, 1265 (7th Cir.1997).

█ In sum, Judge Derby was not bound by the abstention principle that he should retain jurisdiction in the absence of "exceptional" circumstances any more than he was obligated to follow the principle that all doubts should be resolved in favor of remand. The scale began in an even balance, and Judge Derby's decision is to be affirmed if he did not abuse his discretion in finding that the pertinent factors tipped in favor of remand.

### III.

#### A.

Judge Derby used as his basic framework for analysis a seven-factor test, first articulated by the Southern District of New York, that has been followed by many other courts. *See Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co.,* 130 B.R. 405, 407 (S.D.N.Y.1991); *see, e.g., Scherer v. Carroll,* 150 B.R. 549, 552–53 (D.Vt.1993) (applying *Drexel* test). The seven factors include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3)

the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness to the proceeding in the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. Judge Derby also listed several additional factors that other courts have considered, including the efficient use of judicial resources, the possibility of inconsistent results and the expertise of the court where the action originated. *See, e.g., Browning v. Navarro,* 743 F.2d 1069, 1077 (5th Cir.1984).

Judge Derby correctly found that several of these factors were immaterial here and did not weigh in favor of either of the parties' position. The factors he did find to be relevant all pointed toward remand. First, he found that plaintiffs' right to a jury trial would be more easily protected in state court because the right to jury trial in federal court would be in doubt and would require litigation. Second, he found that the efficient administration of the bankruptcy estate would be best promoted by remanding the case to state court for an expeditious trial of the state law claims. Third, he found that the causes of action and the defenses are primarily grounded in Maryland law, and that many of the questions involve interpretation of Maryland law that would be best decided by the Maryland courts.[1]

#### B.

Judge Derby's reasoning on the jury trial issue had five parts. First, the right to a jury trial is "precious," and the "constitutional importance of the right to jury trial should not be lightly weighed." Second, the Trustee unquestionably has the right to a jury trial in state court, the forum of her choice. Third, it is not clear whether the Trustee would have the right in federal court since there is a split of authority on the point. *Compare Germain v. Connecticut Nat'l Bank,* 988 F.2d 1323 (2d Cir.1993) (finding trustee had right to jury trial) *with Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242 (3d Cir.1994) (finding debtor had no jury trial

---

1. Judge Derby also noted that while the trustee's choice of forum was not as important as the other factors he mentioned, it should be entitled to some weight. I need not decide the correctness of this proposition because Judge Derby cited other valid equitable factors supporting remand.

right). Fourth, protection of the Trustee's jury trial right therefore weighs in favor of remand since the right to a jury trial is only assured in the state court. Fifth, even if the case were kept in federal court and it was ultimately determined that the Trustee does have a jury trial right in federal court, the administration of the bankruptcy state would be adversely impacted by the cost and delay involved in resolving the issue.

The Trustee adopts this reasoning on appeal. Ernst & Young counters by arguing that the fundamental premise of Judge Derby's position—that special protection should be given to the protection of a jury trial right in this context—is fallacious. According to Ernst & Young, assuming the correctness of the decisions of the courts that have held there is no right to a jury trial in federal court in cases relating to bankruptcy proceedings, it cannot be said that the jury trial right is "precious" since Congress has made a determination that such cases can be appropriately resolved without a jury. As to the potential burden upon the administration of the bankruptcy estate that litigation over the jury trial issue will impose, Ernst & Young simply states that "the presence of a difficult issue cannot justify a remand of a case to state court. A bankruptcy court cannot surrender to a difficult legal question and conclude that, because the answer is uncertain, the better solution is to send the case to another court."

Although reasonable people could disagree, I am of the view that Judge Derby's reasoning is sound despite Ernst & Young's criticisms. Assuming that Congress has abrogated the right to a jury trial in cases related to bankruptcy proceedings in federal court and that it is constitutional for it to have done so (another issue that would have to be resolved), it is not at all clear that Congress intended further to abrogate the right by prohibiting a federal court from remanding to state court a case where a jury trial was prayed. Traditionally, a jury trial right has attached to tort claims such as those asserted by the Trustee, and presumably Congress understood that judges would consider the preservation of the right to a jury trial to be an "equitable ground" for remand.

Likewise, it is too facile to suggest that a bankruptcy court should never transfer a case to another tribunal with jurisdiction over it simply to avoid decision on a difficult issue. Ideally, that might be true. However, remand and other transfer decisions must be made in a practical context. The available time of the bankruptcy court and the resources of the parties are limited. It makes perfect sense to avoid unnecessary cost and delay by sidestepping issues that need not be decided. Courts are not classrooms for academic discussions, but forums whose ultimate purpose is to resolve disputes on their merits. Judge Derby could properly conclude that the absence of an unnecessary debate about a procedural issue is one of the factors that makes the Circuit Court for Baltimore City the forum better suited to serve that purpose.

## B.

I will now consider Judge Derby's finding that the Trustee's claims and Ernst & Young's defenses are primarily grounded in Maryland law and present issues best resolved by the Maryland courts. An amusing irony in this case is that, in arguing the remand issue, the parties have reversed the positions they have taken on a motion to dismiss filed by Ernst & Young, with the Trustee contending that the issues under Maryland law are novel and Ernst & Young asserting that they simply require application of well-established principles. Though the truth probably falls toward the middle, Ernst & Young clearly is guilty of overstatement when it now characterizes the state law issues as "mundane." Significant issues are raised which Judge Derby could properly find can be more appropriately resolved by state courts who have day-to-day familiarity with Maryland tort law and who are experienced in adjudicating common law claims.

Similarly, Judge Derby clearly did not abuse his discretion in finding that the efficient administration of the bankruptcy estate would be promoted by a remand. The case has been assigned in the Circuit Court for Baltimore City to an able judge experienced in complex civil litigation, and it has been placed on a track that will enable it to be

tried within twelve months. In contrast, the Maryland Bankruptcy Court is burdened with one of the heaviest dockets in the nation. It is generally acknowledged that two additional bankruptcy-judgeships are required in the District, but Congress has not enacted the necessary authorizing legislation. Were this case not to be remanded, it would probably take years to resolve.[2]

## IV.

I do not pretend that this case is an easy one. Although the Trustee's claims arise under state law, there is a federal color to them. The alleged misrepresentations were made during the course of the bankruptcy proceedings themselves. The Trustee does not dispute that her claims involve a core proceeding. Ernst & Young has asserted a preemption defense. Issues relating to whether Ernst & Young's alleged malpractice caused the failure of the reorganization will be complex and difficult.

These factors could have persuaded Judge Derby to retain jurisdiction. However, none of them mandates that he do so. Although the disclosure requirements of the bankruptcy law may provide the background against which the materiality of the alleged misrepresentations are to be measured, the Trustee's claims arise under state, not federal law. The state courts are fully competent to weave the federal threads of the case into the fabric of state substantive law. They are equally competent to rule upon the merits of Ernst & Young's preemption defense and to judge its worth. In short, this case can be fairly and expeditiously litigated in the Maryland courts, and Judge Derby did not abuse his discretion in ordering that it be remanded there.

A separate order affirming Judge Derby's decision is being entered herewith.

**ORDER**

For the reasons stated in the memorandum entered herewith, it is, this 23rd day of June 1998

ORDERED that

the judgment of the United States Bankruptcy Court for the District of Maryland is affirmed.

---

2. Perhaps I should note that this is the type of case in which (were it pending in the bankruptcy court) I ordinarily would consider withdrawing the reference in order to be of assistance to the Bankruptcy Court and the parties. However, there is a reasonable probability that I will be spending most of 1999 trying an MDL case that has been assigned to me, and therefore would not be able to manage this case through its pretrial stages and to preside over the trial (if the Trustee's claims survive summary judgment). Although this fact is not material in reviewing Judge Derby's decision, it confirms his finding regarding the efficient administration of the bankruptcy estate.