WHEELING–PITTSBURGH CORPORATION and Wheeling Pittsburgh Steel Corporation, Plaintiffs,

v.

AMERICAN INSURANCE COMPANY, American Home Assurance Company, Appalachian Insurance Company, Associated Indemnity Corporation, American Reinsurance Company, British American Associates, Inc., Century Indemnity Company, as successor to CCI Insurance Company as successor to INA, CNA Corporation, as successor-in-interest to Continental Casualty Co. which is responsible for policies issued and sold by London Guarantee & Accident Company, Federal Insurance Company, Fireman's Fund Insurance Company, First State Insurance Company, General Reinsurance Corporation, Mt. McKinley Insurance Company f/k/a Gibraltar Casualty Company, Great American Insurance Company, Insurance Company of North America, Lexington Insurance Company, Liberty Mutual Insurance Company, London Guarantee & Accident Company, Ltd., Phoenix Assurance Company of New York, as successor-in-interest to London Guarantee & Accident Company, London Guarantee & Accident Company, Ltd., North River Insurance Company, Travelers Indemnity Company, Zurich Insurance Company, certain underwriters of Lloyd's of London, Allianz International Insurance Company, Ltd., Ancon Insurance Company (U.K.) Ltd., Assicurazioni Generali T.S., Bellefonte Insurance Company k/n/a Bellefonte Reinsurance Company, Ltd., Can Reinsurance of London, Ltd. k/n/a CNA Reinsurance Company, Ltd., Compagnie Europeenne D'Assurances Industrielles S.A., Dominion Insurance Company, Limited, Equitas Holdings Limited, Equitas Limited, Equitas Management Services Limited, Equitas Reinsurance Limited, Equitas Policyholders Trustee Limited, Folksam International Insurance Company (U.K.) Ltd., International Underwriting Association of London, London International Insurance and Reinsurance Market Association, Ludgate Insurance Company, Ltd., the Policy Signing & Accounting Centre Ltd., St. Katherine Insurance Company Ltd., Storebrand Insurance Company, Stronghold Insurance Co., Ltd., Taisho Marine & Fire Insurance Company (U.K.) Ltd., Tokio Marine & Fire Insurance Company (U.K.) Ltd., Turegum Insurance Company, "Winterthur" Swiss Insurance Company, Yasuda Fire & Marine Insurance Company (U.K.) Ltd. and John Does Defendants 1 Through 100, Defendants.

No. 5:01CV20.

United States District Court, N.D. West Virginia.

Sept. 27, 2001.

Robert P. Fitzsimmons, Fitzsimmons Law Offices, Wheeling, WV, Carl N. Frankovitch, Mark A. Colantonio, Frankovitch, Anetakis, Colantonio & Simon, Weirton, WV, Joan L. Lewis, Dickstein, Shapiro, Morin & Oshinsky, LLP, New York City, for plaintiffs.

Robert D. Pollit, Steptoe & Johnson, J. Tyler Dinsmore, Flaherty, Sensabaugh & Bonasso, Anita R. Casey, MacCorkle, Lavender & Casey, PLLC, Charleston, WV, Robert E. Rider, Jr., Jackson & Campbell, PC, Alexander H. Gillespie, Sheri M. Lyons, Gilberg & Kiernan, Washington, DC, Clarence E. Martin, Martin & Seibert, LC, Martinsburg, WV, Patrick M. Shine, Cohn & Baughman, Chicago, IL, Bradley H. Thompson, Parsons, Thompson & Hill, Wheeling, WV, Edgar Whiting, III, Parsippany, NJ, E. Charles Dann, Jr., Goo-

dell, Devrios, Leech & Gray, Baltimore, MD, for defendants.

### *MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER ABSTAINING FROM HEARING THE CLAIM IN THIS CASE, GRANTING PLAINTIFFS' MOTION TO FILE SUPPLEMENT, GRANTING PLAINTIFFS' MOTION TO REMAND, DENYING DEFENDANTS' MOTION TO TRANSFER AS MOOT AND DENYING DEFENDANTS' MOTION TO BE EXCUSED FROM FILING DOCUMENTS AS MOOT*

STAMP, District Judge.

#### I. *Background*

Plaintiffs filed this action in 1993 in the Circuit Court of Ohio County, West Virginia pursuant to the West Virginia Declaratory Judgment Act, W. Va.Code § 55–13–1, *et seq.* Plaintiffs asked the Circuit Court of Ohio County to declare whether various defendant insurance companies[1] are required to defend and indemnify plaintiffs for certain environmental liabilities arising from plaintiffs' facilities. Since the original filing, plaintiffs have amended their complaint four times. On or about November 16, 2000, plaintiffs filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio, Youngstown Division. On or about February 14, 2000, defendant Century Indemnity Company filed a notice of removal with this Court pursuant to 28 U.S.C. § 1334(b) and Federal Rule of Bankruptcy Procedure 9027(a)(2)(A).[2] The sole basis for removal was that plaintiffs' claims for insurance coverage were related to plaintiffs' bankruptcy case and that the insurance policies at issue were property of the plaintiffs' bankruptcy estate. Also on February 14, 2001, defendants filed a motion to be excused from filing, or in the alternative, to file within thirty days, all pleadings and orders from the state court action.

#### II. *Motion for Order Remanding and Abstaining*

##### A. *Background*

On February 27, 2001, plaintiffs filed a motion asking this Court to abstain from hearing the claims of this case, along with their motion to remand. Plaintiffs filed a motion for leave to file a supplement to their motion to remand on April 27, 2001. Plaintiffs claim removal by defendants was "merely a forum shopping tactic and not a valid attempt to invoke the true bankruptcy jurisdiction afforded by § 1334." *See* Plaintiffs.' Mot. to Remand at 4. Plaintiffs argue remand to the Circuit Court of Ohio County is appropriate because the case has been pending there for over six years, there has been a voluminous exchange of documents, and state law issues predominate. Plaintiffs contend this Court should abstain from hearing this case pursuant to either 28 U.S.C. § 1334(c)(1) or 1334(c)(2).

---

**1.** Since the filing of this action in state court, most defendants have settled with the plaintiffs and been dismissed. "Defendants," throughout this opinion, refers to those remaining in the case to date. Those defendants are Century Indemnity Company, as successor to CCI Insurance Company, as successor to INA; American Home Assurance Company; New Hampshire Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pennsylvania; Mt. McKinley Insurance Company, formerly known as Gibraltar Insurance Company; Zurich Insurance Company; Federal Insurance Company; Fireman's Fund Insurance Company; and American Insurance Company.

**2.** The remaining defendants consented to removal.

Defendants, in their response to plaintiffs' motion, contend that this case has not proceeded procedurally to any great extent, despite its age, so it is not necessary to remand to state court. Defendants argue the case was properly removed in an effort to centralize litigation effecting the bankruptcy estate in order to avoid duplicative or multiple litigation. Defendants also contend in their motion to transfer filed March 1, 2001, that the proper venue in this case is the United States District Court for the Northern District of Ohio.

**B. *Discussion***

**1. *Abstention***

Title 28, United States Code, Sections 1334(c)(1) and 1334(c)(2) provide for both permissive and mandatory abstention to be exercised by district courts in certain situations. Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action cannot have commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

"In other words, a district court must abstain from hearing a non-core, related matter if the action can be timely adjudicated in state court." *Howe v. Vaughan*, 913 F.2d 1138, 1142 (5th Cir.1990). Courts and commentators have derived five basic factors from the mandatory abstention statute to be employed by district courts in deciding whether or not to abstain from hearing the claims of a particular case, including whether: (1) a timely motion to abstain has been made; (2) the proceeding is based upon a state law cause of action; (3) the proceeding is related to a Title 11 case but is not a core proceeding; (4) the action could not have been commenced in federal court absent jurisdiction under § 1334; and (5) an action is commenced, and can be timely adjudicated, in state court with proper jurisdiction. *See In re Midgard Corp. v. Kennedy*, 204 B.R. 764, 776–79 (10th Cir. BAP 1997); *see also Business and Commercial Litigation in Federal Courts*, § 45.5 (Robert L. Haig Ed., 1998). This Court will examine each factor in turn.

The first factor contained in § 1334(c)(2) requires that the movant party make a timely motion requesting the court to abstain. *See* 28 U.S.C. § 1334(c)(2); *see also Midgard*, 204 B.R. at 776. "Courts have generally adopted a flexible, case-specific approach in determining whether a motion for mandatory abstention is 'timely.'" *Channel Bell Assocs. v. W.R. Grace & Co.*, 1992 WL 232085 (S.D.N.Y.1992). In this case, the action was removed to this Court on February 14, 2001. On February 27, 2001, plaintiffs filed a motion with this Court asking it to remand the case and abstain from hearing the claims asserted therein. The Court finds that such motion was timely, thus satisfying the first factor of the mandatory abstention statute.

Title 28, United States Code, Section 1334(c)(2) next provides that, in order for mandatory abstention to apply, the proceeding must be one based upon a state law claim or state law cause of action. The parties do not dispute that plaintiffs' claims are based solely upon state law. Plaintiffs' complaint seeks declaratory relief and damages. Plaintiffs have alleged three causes of action against the defendants under various state insurance statutes and the common law of West Virginia. None of the claims are based on federal

law or on any of the provisions of the United States Bankruptcy Code. Furthermore, defendants do not argue that federal law is implicated in the underlying suit. Accordingly, the second factor of the mandatory abstention statute is met.

■ The next requirement of § 1334(c)(2) is that the proceeding be related to a Title 11 case but not arising under Title 11 or arising in a case under Title 11. This language suggests, and several cases have held, that, because mandatory abstention cannot be applied to cases arising under Title 11 or arising in a case under Title 11, mandatory abstention applies only to non-core proceedings. *See S.G. Phillips Constructors, Inc. v. City of Burlington,* 45 F.3d 702, 708 (2d Cir.1995). *See also Gober v. LSMG,* 100 F.3d 1195, 1206 (5th Cir.1996). Non-core proceedings are those related to a Title 11 case. *See In re Johnson,* 960 F.2d 396, 402 (4th Cir.1992) (noting, "related proceedings cannot be treated as core proceedings pursuant to … 28 U.S.C. §§ 157(b)(1), (c)(1) and (c)(2)"). The Fourth Circuit has noted that the definition of "related to" is that found in *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). *See Robins Co. v. Piccinin,* 788 F.2d 994, 1002 n. 11 (4th Cir.1986). In that case, the Third Circuit held "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in anyway impacts upon the handling and administration of the bankrupt estate." *Pacor,* 743 F.2d at 994. Moreover, "the proceeding need not necessarily be against the debtor or against the debtor's property." *Robinson v. Michigan Consolidated Gas Co., Inc.,* 918 F.2d 579, 583 (6th Cir. 1990). Another court has held "a proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Midgard,* 204 B.R. at 771 (quoting *Pacor,* 743 F.2d at 994). The parties do not dispute that the sole basis for this Court's jurisdiction in this matter is 28 U.S.C. § 1334(b), which confers "related to" jurisdiction upon federal courts to decide civil actions related to pending bankruptcy cases. This case is a non-core proceeding and is related to a Title 11 case, in that the outcome could affect the amount of funds available to those to whom plaintiffs may be liable. Thus, the third requirement of the mandatory abstention statute is met.

The next factor contained within 28 U.S.C. § 1334(c)(2) is the requirement that the action could not have been commenced in federal court absent jurisdiction under § 1334. The parties do not dispute that there is no federal question in this case. Nor do they dispute that diversity of citizenship does not exist. As mentioned previously, the parties agree that the sole basis for jurisdiction in this Court rests on 28 U.S.C. § 1334(b). Accordingly, the fourth requirement of § 1334(c)(2) is met in this case.

Finally, the mandatory abstention statute requires that, in order for this Court to abstain from hearing the claims in this case, an action must be commenced, and be capable of timely adjudication, in a state court with proper jurisdiction. Plaintiffs filed the state court action in this case in 1993 in the Circuit Court of Ohio County, West Virginia. An action in state court has thus been commenced. Furthermore, this Court is of the opinion that the action is capable of being timely adjudicated in state court. There is no evidence that this Court can adjudicate the matters at issue any more timely than can the state court. Consequently, the fifth and final

factor of the mandatory abstention statute is satisfied.

■ Noting that this case satisfies all of the requirements of 28 U.S.C. § 1334(c)(2), one issue remains. There appears to be some controversy regarding whether the mandatory abstention statute applies to removed actions. The minority theory is that mandatory abstention does not apply to removed cases because no pending state proceeding remains once the court abstains and because abstention is not specifically provided as a basis for remand in the remand statute. *See Montague Pipeline Tech. Corp. v. Grace/Lansing and Grace Indus., Inc.,* 209 B.R. 295, 302–05 (Bankr. E.D.N.Y.1997). The majority of cases hold that mandatory abstention does apply to removed cases because "these courts find that two proceedings are not necessary for abstention to apply and abstention, or abstention coupled with remand, transfers a removed proceeding to state court." *Midgard,* 204 B.R. at 774. *See also Christo v. Padgett,* 223 F.3d 1324, 1331 (11th Cir.2000); *Robinson,* 918 F.2d at 584; *Chiodo v. NBC Bank–Brooks Field,* 88 B.R. 780, 784–85 (W.D.Tex.1988). The Fifth Circuit, in rejecting the theory that statutory abstention does not apply to cases removed pursuant to 28 U.S.C. § 1452, has asserted, "There is no textual support in the statute for this position, only a handful of bankruptcy court opinions support it, and the vast majority of courts hold otherwise." *In re Southmark Corp. v. Coopers & Lybrand,* 163 F.3d 925, 929 (5th Cir.1999). The cases which hold that abstention applies to removed cases do so on the theory that § 1334(c)(2) does not require two proceedings be in existence. "Rather, this section states that abstention is mandatory when an action is

'commenced' in a state forum of appropriate jurisdiction." *Midgard,* 204 B.R. at 774. This Court agrees with the majority of cases [3] and believes that the mandatory abstention statute does in fact apply to removed actions.

Based on the foregoing, this Court finds that the mandatory abstention statute is applicable in this case. All factors of that statute being satisfied, this Court finds that it must abstain from hearing the claims in this case. Accordingly, this Court need not consider 28 U.S.C. § 1334(c)(1), the statutory basis for permissive abstention, as a basis for abstention.

## 2. *Remand*

■ Plaintiffs move to remand this action to the Circuit Court of Ohio County, West Virginia together with its motion for the court to abstain from hearing the claims of this case. Because this Court finds that it must abstain from hearing the claims in this case, it hereby REMANDS this action to the Circuit Court of Ohio County, West Virginia. 28 U.S.C. § 1452(a) provides for removal to a district court where such court has jurisdiction over a cause of action under § 1334 of the same title. The court to which the cause of action is removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). While not directly addressed by the parties in their briefs, there is some controversy surrounding a district court's authority to remand upon abstaining from hearing the claims of the case. Some courts have argued that a district court has no such authority because the power to remand upon abstaining is not specifically provided for by statute. *See Fedders North Am.,*

---

**3.** This Court has found no opinions of the Fourth Circuit Court of Appeals addressing this issue.

*Inc. v. Branded Products, Inc.,* 154 B.R. 936 (Bankr.W.D.Tex.1993).

Other courts disagree. In *Midgard,* the Bankruptcy Appellate Panel for the Tenth Circuit noted that "silence in § 1334(c)(2) as to the procedural ramifications of abstention can be read to allow remand." 204 B.R. at 774. The *Midgard* court found support for its theory in a Supreme Court decision. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). The *Midgard* court analogized the Supreme Court's holding in that case to the issue at hand. In *Carnegie–Mellon,* the issue was whether a district court had discretion to remand a removed case to state court under the doctrine of pendent jurisdiction when only state law claims remained and when the federal removal statute did not provide for, nor did it prohibit, remand in such a situation. 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720. The Supreme Court held that remand was proper by the district court despite the removal statute's silence regarding remand. *Id.* This Court finds, as other courts have, that when abstention is required, as it is in this case, a court may remand the case to state court. *See Midgard,* 204 B.R. at 775. Accordingly, this Court REMANDS this case to the Circuit Court of Ohio County, West Virginia.

### III. *Conclusion*

Based on the foregoing, this Court hereby GRANTS plaintiffs' motion to abstain from hearing the claims in this case. This Court further REMANDS this action to the Circuit Court of Ohio County, West Virginia. Accordingly, defendant's motion to be excused from filing all state court documents is hereby DENIED as moot. Also, defendants' motion to transfer venue is hereby DENIED as moot. The Court has GRANTED the plaintiffs' motion to file a supplement to its motion to remand

and the Court considered the motion along with defendants' response in its decision.

IT IS SO ORDERED.