Gary L. **BARGE**, et al., Plaintiffs,

v.

**WESTERN SOUTHERN LIFE INSURANCE COMPANY,** et al., Defendants.

Civ.A. Nos. 3:03–0818 through 3:03–0832.

United States District Court, S.D. West Virginia, at Charleston.

March 30, 2004.

---

Matthew L. Clark, Bradley H. Layne, Kayser Layne & Clark, Point Pleasant, WV, Jay Aughtman, Beasley Allen Crow Methvin Portis & Miles, Montgomery, AL, for Plaintiff.

Thomas R. Goodwin, Carrie Goodwin Fenwick, Goodwin & Goodwin, William J. Cooper, Erica M. Baumgras, Michelle L. Marinacci, Flaherty Sensabaugh & Bonasso, Charleston, WV, Joseph R. Miller, Kimberly Weber Herlihy, F. James Foley, Vorys Sater Seymour & Pease, Columbus, OH, Harry M. Rubenstein, David M. Thomas, Kay Casto & Chaney, Morgantown, WV, for Defendant.

### MEMORANDUM ORDER

COPENHAVER, District Judge.

Pending before the court is plaintiffs' motion to remand, filed August 28, 2003, seeking to remand the 15 *"Barge* cases" to the Circuit Court of Mason County. The *"Barge* cases" were removed by defendants by their notice of removal filed July 29, 2003.

### I.

The *Barge* cases are a grouping of 15 family units who joined a single lawsuit involving 1,891 family units wherein the plaintiffs sue to recover for acts of fraud and negligent misrepresentation, among other causes of action, which the defendants are alleged to have committed in the sale of so-called "vanishing premium" life insurance policies. The *Barge* plaintiffs

are all Ohio residents who have filed either Chapter 7 or Chapter 13 petitions in bankruptcy in federal courts in Ohio.

These Ohio plaintiffs assert state law claims against the defendant Western and Southern Life Insurance Company, an Ohio corporation ("Western–Southern"), and its agents John Thabet, George Crump, Roger Shinn, Terry Shirley, Howard Parker, James Elias, and Thomas Russell ("defendant agents") all of whom are identified as West Virginia residents in the complaint.[1] Of these agents, Russell has been voluntarily dismissed by agreement of the plaintiffs and defendants in all the cases. Despite the allegation contained in the complaint, it is uncontroverted that Shinn is an Ohio resident.

The court notes at the outset that, because both the *Barge* case plaintiffs and the defendants Western–Southern and Shinn are Ohio residents, federal diversity is lacking; and there is no suggestion here of federal question jurisdiction. The parties concede that, but for bankruptcy related jurisdiction under 28 U.S.C. § 1334(b), there is no federal jurisdictional base for the *Barge* cases.

The evidence submitted to the court as part of the defendants' notice of removal indicates that eleven of the individual bankruptcies were filed in 2003, two in 2002, and one in 2001.[2] The specific date for the remaining petition is not furnished;

---

**1.** The *Barge* cases are a subset of the 1,317 cases removed by the defendants under four separate notices of removal. Western–Southern asserts that plaintiffs improperly designated it as Western Southern Life Insurance Company and that it is properly designated as Western and Southern Life Insurance Company. The procedural history as well as the plaintiffs' asserted claims are described with more particularity in *Grennell v. Western Southern Life Ins. Co.,* 298 F.Supp.2d 390

(S.D.W.Va.2004) and *Burns v. Western Southern Life Ins. Co.,* 298 F.Supp.2d 401 (S.D.W.Va.2004).

**2.** The court also notes that two of the petitions, filed by Vicki Clancy and Roxane Gaines, have bankruptcy case numbers suggestive of 2001 filing dates rather than the 2003 dates their respective petitions were purportedly filed.

however, a bankruptcy case number provided suggests a 2003 filing. Additionally, two of the fifteen cases involve multiple plaintiffs, only one of whom has filed a petition. Defendants contend that the court has supplemental jurisdiction over the claims of the non-filing plaintiffs in each of those cases. The plaintiffs have not sought to refute the information provided by the defendants.

## II.

The defendants filed their notice of removal under 28 U.S.C. § 1452(a) which allows for removal of "any claim or cause of action in a civil action ... if ... [the] district court has jurisdiction of such claim or cause of action under section 1334." *Id.* Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

The court observes that the *Barge* cases do not arise under Title 11 or in a case under Title 11 but rather they are simply related to bankruptcy cases under Title 11. The reasoning for this conclusion follows. It is first noted that civil proceedings arising under Title 11 include those created by Title 11 such as a claim for exemptions under § 522 or the exercise by the trustee of an avoiding power under § 544(b). 1 Collier on Bankruptcy ¶ 3.01(4)(b)(i) (15th ed.2003). Those arising in a case under Title 11 include administrative matters, allowance or disallowance of claims, determination of liens and other matters that take place as part of the administration of the bankruptcy estate. *Id.* at ¶ 3.01(4)(b)(iv).

Proceedings arising under Title 11 or arising in a case under Title 11 fall generally into the category known as core proceedings under 28 U.S.C. § 157(b)(2). As stated by Judge Wisdom in *Wood v. Wood,* 825 F.2d 90, 97 (5th Cir.1987), "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." On the other hand, proceedings that are merely related to a bankruptcy case are generally considered to be non-core. The distinction between core and non-core is found in the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353 (1984). Its purpose is to direct nearly all, though not all, core proceedings to an Article I bankruptcy judge, while related proceedings in the federal system are committed to an Article III judge. The 1984 amendments were enacted by Congress in the wake of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *Marathon* involved a state law breach of contract action filed in bankruptcy court by a debtor in possession on a pre-bankruptcy petition claim. The Court held that the provision of the Bankruptcy Act of 1978 vesting that matter in an Article I bankruptcy judge was an unconstitutional effort by Congress to create an adjunct to an Article III court. *Id.*

The *Barge* cases are appropriately categorized as being related to a case under Title 11. The claims being pursued by the *Barge* plaintiffs are pre-bankruptcy petition, state law claims for, *inter alia,* fraud, negligent misrepresentation, negligent failure to train, violations of the West Virginia Unfair Trade Practices Act, W. Va.Code §§ 33–11–1, *et seq.,* and breach of the duty of good faith and fair dealing. Those are classic "related to" claims that are conceptually the same for this purpose as the *Marathon* pre-bankruptcy breach of contract claim.

The defendants' effort to sweep the *Barge* cases into the core catch-all subcategories of 28 U.S.C. § 157(b)(2)(A) ("mat-

ters concerning the administration of the estate") and (*o*) ("other proceedings affecting the liquidation of the assets of the estate") is unavailing. Such a broad interpretation would expand the core category beyond the limits contemplated by the 1984 Act and ignore the teaching of *Marathon.* As aptly held in the Ninth Circuit,

> [s]tate law contract claims that do not specifically fall within the categories of core proceedings enumerated in 28 U.S.C. § 157(b)(2)(B)–(N) are related proceedings under § 157(c) even if they arguably fit within the literal wording of the two catch-all provisions, sections 157(b)(2)(A) and (0).

*Piombo Corp. v. Castlerock Properties,* 781 F.2d 159, 162 (9th Cir.1986). Similarly, the Second Circuit, reaching the same result, has held that applying 28 U.S.C. § 157(b)(2)(A) so broadly as to treat a breach of contract action by the debtor against a party to a pre-petition contract as a core proceeding would "create[ ] an exception to *Marathon* that would swallow the rule." *Orion Pictures Corp. v. Showtime Networks, Inc.,* 4 F.3d 1095, 1102 (2nd Cir.1993), *cert. dismissed,* 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994). The Fourth Circuit has since followed what it found to be the majority rule and declared proceedings to collect prepetition accounts receivable to be non-core in keeping with *Marathon. In re Apex Exp. Corp.,* 190 F.3d 624, 630–33 (4th Cir.1999). The leading treatise on bankruptcy roundly criticizes those district and bankruptcy courts that have taken a contrary view that would obliterate *Marathon. See* 1 Collier on Bankruptcy ¶ 3.02(3)(d)(ii),(4) (15th ed.2001).

## III.

Because the *Barge* cases are each individually "related to a case under title 11," plaintiffs contend in their motion to remand that the district court is obliged to abstain under the mandatory abstention provision in 28 U.S.C. § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

*Id.* Plaintiffs further maintain that the court may also permissively abstain under § 1334(c)(1) "in the interest of justice" or "in the interest of comity with State courts" and that the court should remand the *Barge* cases on equitable grounds as permitted by § 1452(b).

### 1. *Waiver.*

██ In opposing the motion to remand, the defendants note that the plaintiffs have failed to comply with Rule 9027(e)(3) of the Federal Rules of Bankruptcy Procedure in that plaintiffs did not within ten days of removal admit or deny that the proceedings were core and have thereby waived the right to contest defendants' assertion that these cases are core proceedings. Bankruptcy Rule 9027(e)(3) provides that:

> Any party who has filed a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, shall file a statement admitting or denying any allegation in the notice of removal that upon removal of the claim or cause of action the proceeding is core or non-core. If the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to the entry of final orders or judgment by the

bankruptcy judge. A statement required by this paragraph shall be signed pursuant to Rule 9011 and shall be filed not later than 10 days after the filing of the notice of removal.

*Id.* The plaintiffs did, however, file a motion to remand, within 30 days after the notice of removal, that specifically contests defendants' allegation that the underlying state cases are proceedings core to plaintiffs' bankruptcies. Inasmuch as the rule prescribes no penalty for failure to comply timely with the ten-day rule and inasmuch as defendants have shown no prejudice, the court declines to find waiver in view of the prompt filing of a motion to remand by the plaintiffs. Moreover, it is held that a failure on the part of a defendant to state in the notice of removal that the proceeding is core or non-core is not jurisdictional. *In re Heinsohn,* 247 B.R. 237, 241 (E.D.Tenn.2000). A similar treatment of plaintiffs' delayed response is appropriate here.

### 2. *Mandatory Abstention.*

■ Defendants contend that the doctrine of mandatory abstention is not applicable to an action removed pursuant to § 1452(a). However, the majority of the courts considering the question hold that mandatory abstention is applicable to removed actions under § 1452(a). *Christo v. Padgett,* 223 F.3d 1324, 1331 (11th Cir. 2000) (finding the doctrine of mandatory abstention to apply to actions removed under § 1452(a)); *In re Southmark Corp.,* 163 F.3d 925, 929 (5th Cir.1999) (same); *Robinson v. Michigan Consol. Gas Co., Inc.,* 918 F.2d 579, 584 n. 1 (6th Cir.1990) (same); *Wheeling–Pittsburgh Corp. v. American Ins. Co.,* 267 B.R. 535, 540 (N.D.W.Va.2001). It is further noted that

those courts which hold the doctrine inapplicable to a removed action do so primarily on the grounds that § 1334(c)(2)'s requirement that the district court abstain "if an action is commenced, and can be timely adjudicated in a State forum" necessitates that a proceeding be pending in state court and conclude that the act of removal negates any possibility of this requirement being met. *Renaissance Cosmetics v. Development Specialists Inc.,* 277 B.R. 5, 12 (S.D.N.Y.2002). While the court follows the majority position, even the minority view is tempered here inasmuch as there does exist a pending action before the state court to which the *Barge* cases may return upon remand.

For mandatory abstention to apply it is necessary that a timely motion be made, as here, by a party to the proceeding and the proceeding must "(1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding." *In re Dow Corning Corp.,* 113 F.3d 565, 570 (6th Cir.1997). "Mandatory abstention applies only to non-core proceedings—that is, proceedings 'related to a case under title 11', but not 'arising under title 11, or arising in a case under title 11.'" *In re Gober,* 100 F.3d 1195, 1206 (5th Cir.1996). It is undisputed that plaintiffs assert state law claims[3] which could be adjudicated in state court and for which the court has no other jurisdictional base but for § 1334 and that a state court action to which the *Barge* cases may return is pending. Elements (1), (2), (3) and (5) of § 1334(c)(2) are thus met.

■ The only remaining factor is whether the proceedings can be resolved in a

---

**3.** While the plaintiffs assert these claims, it is observed that those claims may instead be held by the trustee in the Chapter 7 cases and

the debtor in possession in the Chapter 11 cases.

timely fashion before the state court. Some 1300 similar proceedings are now pending in federal court and some 700 are pending as a single case in state court. The West Virginia court system is noted for its ability to handle mass tort litigation. Indeed, it does it so often and so expeditiously as to be the subject of criticism in some quarters for the expedited methods employed in the resolution of such cases. Similar treatment can be made available for the portion of those proceedings that remain in state court. There is no evidence to suggest that the state court's docket is unmanageable or that the state court will not determine such matters in a timely fashion.

The court concludes that mandatory abstention applies.

### 3. Permissive Abstention.

■ Section 1334(c)(1) provides that:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Id. Although abstention is the exception rather than the rule, the decision to abstain is within the sound discretion of the court. In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 6 F.3d 1184, 1188–89 (7th Cir.1993). Courts have identified the following 12 factors in considering whether to abstain under § 1334(c)(1):

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other bankruptcy court, (5) the jurisdic-

tional basis, if any, other 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir.1990) (quoting In re Republic Reader's Serv., Inc., 81 B.R. 422, 429 (Bankr.S.D.Tex.1987)); see also In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 6 F.3d at 1189 (quoting same passage). The factors should be applied on a case by case basis with no one factor necessarily determinative. In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 6 F.3d at 1189.

■ The Barge cases involve state law issues and claims that predominate and are remote to the bankruptcy proceedings and which the plaintiffs have asked be tried by a jury. There is a case commenced in the state court to which the matters may be restored. The efficient administration of the bankruptcy estate will not be affected by the adjudication of the Barge cases in state court inasmuch as these are "related to" proceedings that will be heard in a non-bankruptcy forum. The Barge cases were, upon removal, severed from the single action of which they were a part when filed in the state court forum of their choice, by reason of which it is in the interest of comity to return them to their state court moorings. The court, finding it

in the interest of justice as well, concludes that permissive abstention is also appropriate.

### 4. *Equitable Remand.*

Section 1452(b) provides, in relevant part, that:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

*Id.* The term "equitable" as used in this statute does not pertain to the traditional distinction between law and equity; rather, " 'equitable' is defined as 'signal[ling] that which is reasonable, fair, or appropriate.' " *Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263, 268 (3rd Cir.2002) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 133, 116 S.Ct. 494, 133 L.Ed.2d 461) (Ginsburg, J., concurring); *see also In re Cathedral of the Incarnation in the Diocese*, 99 F.3d 66, 69 (2nd Cir.1996) ("[w]e adhere to our conclusion that § 1452(b)'s reference to an 'equitable ground' means one that is fair and reasonable, rather than one that originated in the chancery courts or is discretionary."). The following considerations have been articulated by the courts concerning the issue of whether to remand under § 1452(b):

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

*In re Riverside Nursing Home*, 144 B.R. 951, 956 (S.D.N.Y.1992); *see also Shubert v. Roche Holding Ag*, 157 F.Supp.2d 542, 545 (E.D.Pa.2001) (same); *In re Merry–Go–Round Enterprises, Inc.*, 222 B.R. 254, 257 (D.Md.1998). Just as these same considerations have been found by the court to support permissive abstention, see *infra* at p. 547, so, too, do they merit equitable remand.[4] Indeed, it has been noted that virtually the same factors supporting abstention under § 1334(c) support equitable remand under § 1452(b). *In re Riverside Nursing Home*, 144 B.R. at 957 ("[t]he equitable grounds that warrant a decision to remand under 28 U.S.C. § 1452(b) are similar to the factors that authorize abstention under 28 U.S.C. § 1334(c)."); *see also In re Merry–Go–Round Enterprises, Inc.*, 222 B.R. at 256 ("virtually the same (if not identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of a remand under § 1452(b).").

■ Inasmuch as ample grounds for equitable remand exist, the court finds that

---

4. Another factor to be considered is that of forum non conveniens. Although their residential addresses are not specified, the defendant agents are alleged in the complaint to be "doing business in Mason County, West Virginia." Compl. at ¶ 2. The defendant Western–Southern has its headquarters at Cincinnati, Ohio. The plaintiffs' residential addresses are not given but it is known that their bankruptcy petitions were all filed in the federal courts of Ohio, with ten of them filed at Dayton, two at Cincinnati and one each at Cleveland, Columbus and Youngstown. These locations are nearer to Point Pleasant in Mason County than to the federal court in Charleston where these cases would be heard if retained in the federal forum. It may be assumed that the plaintiffs, too, are nearer to Point Pleasant than to Charleston. Plaintiffs' attorneys are also located in Point Pleasant, whereas defense counsel is from both Charleston and Columbus. On balance, it appears that the Mason County forum is likely the more convenient one.

the *Barge* cases should be remanded pursuant to § 1452(b).

IV.

For the reasons stated, it is, accordingly, ORDERED that:

1. Plaintiffs' motion to remand be, and it hereby is, granted.

2. The parties shall bear their own costs and expenses in connection with the motion to remand, the notice of removal, and the proceedings in this court.

The Clerk is directed to forward copies of this order to all counsel of record and to publish this order on the court's website.