AUSA LIFE INSURANCE COMPANY, INC.; First AUSA Life Insurance Company; Idex Transamerica Conservative High Yield Bond Fund; Life Investors Insurance Company of America; Monumental Life Insurance Company; Peoples Benefit Life Insurance Company; Transamerica Assurance Company; Transamerica Life Insurance and Annuity Company; Transamerica Life Insurance Company; Transamerica Occidental Life Insurance Company; Transamerica Occidental Life Insurance Company Modified Separate Account–Triple A (AMBAC); (CLICO) Separate Account–Qualified Commingled Bond; Plaintiffs,

v.

CITIGROUP, INC.; Citicorp; Citibank N.A., Citicorp North America, Inc.; Salomon Smith Barney Inc.; Credit Suisse First Boston, Inc.; Credit Suisse First Boston (USA), Inc.; Credit Suisse First Boston Corporation; Donaldson, Lufkin & Jenrette Securities Corporation; Deutsche Banc Alex. Brown; Deutsche Banc Alex. Brown Inc.; Deutsche Bank Securities Inc.; J.P.Morgan Chase & Co.; J.P. Morgan Securities Inc.; Jpmorgan Chase Bank; Lehman Brothers Holdings, Inc.; Lehman Brothers Inc.; The Bear Stearns Companies, Inc.; Bear, Stearns & Co. Inc.; UBS Warburg L.L.C.; Defendants.

No. C02–171–LRR.

United States District Court, N.D. Iowa, Cedar Rapids Division.

April 17, 2003.

Patrick M. Roby, Elderkin Law Firm, Cedar Rapids, IA, Donald F. Woods, Jr., Robert L. Palmer, Roderick G. Dorman, Shawna L. Ballard, Bruce R. MacLeod, Mark Albert, J. Michael Hennigan, Hennigan, Bennett & Dorman, LLP, Los Angeles, CA, for Plaintiffs.

Dennis Wayne Johnson, Dorsey & Whitney, Des Moines, IA, Michael Gertzman, Brad S. Karp, Jonathan H. Hurwitz, Paul, Weiss, Reskind, Wharton & Garrison, LLP, New York City, Thomas D. Hanson, Hanson, Bjork & Russell, Des Moines, IA, Karin A. DeMasi, Richard W. Clary, Julie A. North, Cravath, Swaine & Moore, New York City, Bruce E. Johnson, Lewis, Webster, Johnson & VanWinkle, Thomas A. Finley, Finley, Alt, Smith, Scharnberg, Craig, Hilmes & Gaffney, PC, Des Moines, IA, Bruce D. Angiolillo, George S. Wamg, Jonathan K. Youngwood, Thomas C. Rice, Simpson, Thacher & Bartlett, New York City, Brent B. Green, Duncan, Green, Brown, Langness & Eckley, PC, Joseph R. Gunderson, Gunderson, Sharp & Rhein, PC, Des Moines, IA, Stephen Sinaiko, Barry H. Berke, Kramer, Levin, Naftalis & Frankel, LLP, New York City, Mark E. Weinhardt, Danielle M. Shelton, Belin, Lamson, McCormick, Zumbach, Flynn, Des Moines, IA, Robert A. Sacks, Brendan Cullen, Sullivan & Cromwell, LLP, Los Angeles, CA, for Defendants.

## MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION FOR REMAND AND ABSTENTION AND DEFENDANTS' MOTION TO TRANSFER VENUE

READE, District Judge.

### I. INTRODUCTION

Plaintiffs' motion to abstain and remand this action to the Iowa District Court for Linn County [docket no. 13] and defendants' motion to transfer the action to the United States District Court for the Southern District of New York for automatic reference to the United States Bankruptcy Court for the, Southern District of New York [docket no. 22] are before the Court. A hearing on the motions was held on March 5, 2003. The attorneys of record participated.

### II. BACKGROUND

This action originally commenced in the Iowa District Court for Linn County. In their petition, plaintiffs, a group of insurance companies and investment funds that purchased securities issued by Enron and Enron-sponsored entities, allege that defendants violated Iowa law in connection with the marketing and sale of Enron-related securities. Defendants are Enron bankers and underwriters.[1] Defendants were involved in distributing note offerings allegedly backed by Enron. Pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), defendants removed the action to this Court on December 4, 2002.[2]

Defendants contend this action is "related to" the December, 2001 Enron bankruptcy pending before Bankruptcy Judge Arthur J. Gonzalez in the Southern District of New York. In their Notice of Removal, defendants stated that they removed plaintiffs' claims because "[t]he factual and legal issues underlying this case are related to the factual and legal issues to be adjudicated in the Enron Bankruptcy Action. In addition, this action is related to the Enron Bankruptcy Action because Enron may owe contribution and/or

1. Plaintiffs do not name Enron as a defendant in their complaint, nor do defendants bring a third-party complaint against Enron for indemnification.

2. "A party may remove any claim or cause of action in any civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b).

indemnity to some or all of the Defendants in the event a judgment is rendered in favor of Plaintiffs in this action; as a result, this action could have an effect on the bankruptcy estate." Defendants suggest that in the event plaintiffs are successful in this lawsuit, Enron may owe defendants contractual indemnity under agreements relating to the note offerings. Defendants also state they may seek contribution and/or indemnification from Enron under state or common law theories.

### III. DISCUSSION

Defendants argue that pursuant to 28 U.S.C. § 1404(a), this Court should transfer these proceedings to the New York Bankruptcy Court, leaving plaintiffs' remand motion to be resolved by the transferee court. Defendants contend that deference to the "home" bankruptcy court is necessary because that court has detailed firsthand knowledge of the Enron bankruptcy proceeding.

Section 1404(a) states that:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Generally, transfer under § 1404(a) "should not be freely granted." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir.1982). The party seeking transfer bears the burden of proof to show that the balance of factors "strongly" favors the movant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").

Plaintiffs counter by arguing that this Court should determine subject matter jurisdiction prior to issuing any other orders. In the event subject matter jurisdiction is lacking or questionable, the Court must immediately remand the case to the state court. 28 U.S.C. § 1447(c). Although the United States Court of Appeals for the Eighth Circuit has not addressed the issue, other federal courts have held that a plaintiffs' motion for remand must necessarily be heard and decided prior to defendants' motion to transfer venue. *See e.g.*, *State of Iowa v. United States Cellular Corp.*, 2000 WL 33915909 (S.D.Iowa 2000) (deciding subject matter jurisdiction in remand motion before motion to dismiss, transfer, or stay); *Smith v. Mail Boxes Etc. USA, Inc.*, 191 F.Supp.2d 1155 (E.D.Cal.2002) (jurisdictional issues should be resolved before court determines motion to stay); *Grace Community v. KPMG Peat Marwick (In re Grace Community, Inc.)*, 262 B.R. 625 (Bankr.E.D.Pa.2001) (considering remand motion before transfer motion); *Wheeling–Pittsburgh Corp. v. American Ins. Co.*, 267 B.R. 535 (N.D.W.Va.2001) (same); *Retirement Sys. of Alabama v. Merrill Lynch & Co.*, 209 F.Supp.2d 1257 (M.D.Ala.2002) (same); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F.Supp.2d 1042, 1047 (D.Kan.1999) (jurisdictional issue determined on motion to remand before court considered staying the action). This Court thus holds that, in accord with the majority view that jurisdictional issues should be considered first, it will consider plaintiffs' motion for remand before considering defendants' transfer motion.

### A. "Related To" Subject Matter Jurisdiction under § 1334(b)

The federal courts are courts of limited jurisdiction and are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution. This principle demonstrates the proper respect for state courts in matters arising under federal law. The party invoking jurisdiction bears the burden of proof that all prereq-

uisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir.1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir.1997). When ruling on a motion to remand, courts construe all doubts in favor of remand. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002); *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993).

Under 28 U.S.C. § 1334(b), district courts have "original but not exclusive jurisdiction of all civil proceedings ... related to cases under title 11." (emphasis added).[3] Plaintiffs argue that the claims in the present action are not "related to" the Enron bankruptcy proceeding. Defendants contend that the outcome of these proceedings could give rise to indemnity and contribution claims against Enron. Accordingly, defendants argue that the outcome of these proceedings could conceivably affect the administration of the Enron bankruptcy estate and that this Court therefore has subject matter jurisdiction under the "related to" portion of the statute.

█ The test for "related to" jurisdiction is worded broadly: whether "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984). The "related to" test expressed in *Pacor* was adopted by the Eighth Circuit Court of Appeals in *National City Bank v. Coopers and Lybrand*, 802 F.2d 990 (8th Cir. 1986). "Related to" jurisdiction "cannot be

limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). In the leading appellate opinion on "related to" jurisdiction, *Pacor*, the Third Circuit Court of Appeals stated that "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of [former] section 1471(b). Judicial economy itself does not justify federal jurisdiction." *Pacor*, 743 F.2d at 994. "[J]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist." *See In re Haug*, 19 B.R. 223, 224–25 (Bankr.D.Or.1982). *See also In re McConaghy*, 15 B.R. 480, 481 (Bankr.E.D.Va. 1981) (holding that bankruptcy court lacks jurisdiction to decide disputes between third parties in which the estate of the debtor has no interest).

█ In this case Enron is not named as a party. Defendants attempt to show a relation to the Enron bankruptcy by pointing out that AEGON USA Investment Management, L.L.C. ("AEGON"), an affiliate of plaintiff AUSA Life Insurance Company, Inc., and investment manager for plaintiff IDEX Transamerica Conservative High Yield Bond Fund, has joined other noteholders to appear and participate in the Enron bankruptcy case as the "Osprey Ad Hoc Noteholders' Committee." Additionally, AEGON has filed a proof of claim in the Enron bankruptcy case. Defendants contend that this participation in and filing of a proof of claim in the Enron bankruptcy proceeding constitutes the requisite "related to" jurisdiction because an

---

3. Title 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." This court's jurisdiction must therefore be based on the "arising under," "arising in," or "related to" language of § 1334(b). In the instant case, defendants do not argue that this Court has "arising under" or "arising in" jurisdiction.

award in this lawsuit will reduce their claims in bankruptcy court, such that recovery in bankruptcy court would reduce the award of damages here. The Court disagrees. The present action is brought by a non-debtor against non-debtors. A recovery by plaintiffs will not directly affect Enron's bankruptcy estate. Even though indemnification and contribution claims against Enron are conceivable in the future, they have not yet accrued and would require another lawsuit before they could have an impact on Enron's bankruptcy proceeding. The current action is only a precursor to the potential contribution claim. *See, e.g., Pacor,* 743 F.2d at 995. Speculative, theoretical claims are not sufficient to show "related to" bankruptcy jurisdiction. *See In re Federal–Mogul Global, Inc.,* 300 F.3d 368, 380 (3rd Cir. 2002) ("related to bankruptcy jurisdiction will not extend to a dispute between non-debtors unless that dispute, by itself, creates at least the logical possibility that the estate will be affected"); *In re FedPak Systems, Inc.,* 80 F.3d 207, 214 (7th Cir. 1996) ("related to" language is to be interpreted broadly; it is primarily intended to encompass actions by and against the debtor that, but for the bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others).

The Court thus concludes that the outcome of this action will not affect the Enron bankruptcy proceedings and therefore these proceedings are not within "related to" subject matter jurisdiction. The Court comes to this conclusion for two reasons. First, there is no Eighth Circuit Court of Appeals authority specifically holding that "related to" jurisdiction can be found where the outcome of the removed case will create only contingent claims against a non-party debtor. Second, like *Pacor,* the outcome of these proceedings will merely create contingent bankruptcy claims for any defendant who loses. The outcome of this case will not have a binding effect on Enron, which will remain free to assert, claim, or defend its own rights.

### B. Mandatory Abstention under § 1334(c)(2)

Although, as stated previously, the Court finds no subject matter jurisdiction here, even if the Court were to find "related to" subject matter jurisdiction over this action, the Court would still be compelled to abstain.

As discussed above, federal courts have original, but not exclusive, jurisdiction over lawsuits that are "related to" a bankruptcy case. Indeed, 28 U.S.C. § 1334(c) sets out certain circumstances in which a district court *may* abstain in favor of the state courts, and other circumstances in which it *must* abstain. Section 1334(c)(2), which deals with "mandatory abstention," provides as follows:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

█ If the six elements set forth in section 1334(c)(2) exist, the Court does not have jurisdiction to decide the proceeding. The elements that a court must ascertain prior to determining if it is prohibited from deciding the claim or cause of action under section 1334(c)(2) are: (1) whether a timely motion is made; (2) whether the claim or cause of action is based upon state law; (3) whether the claim or cause of action is related to a bankruptcy case, but did not

arise in or under the bankruptcy case; (4) whether the only basis for original jurisdiction in federal district court is the bankruptcy filing; (5) whether the action has already commenced in state court; and (6) whether the action can be timely adjudicated in the state court system. *In re Fitzgeralds Gaming Corp.*, 261 B.R. 1, 8 (Bankr.W.D.Mo.2001) (citing 28 U.S.C. § 1334(c)(2)).

■ In the instant case, all six elements are satisfied. Plaintiffs filed their Motion to Remand on December 20, 2002, 16 days after defendants filed their Notice of Removal. The Court thus finds the motion was timely filed. The parties do not dispute that plaintiffs' petition alleges all state law causes of action, thus satisfying the second element of mandatory abstention. The third element requires a finding that the claim or cause of action is "related to" a bankruptcy case, but did not arise in or under the bankruptcy case. The Court has already made the determination that this proceeding is not "related to" the Enron bankruptcy proceeding. For the sole purpose of evaluating mandatory abstention, however, the Court assumes, *arguendo*, that the present action is "related to" the Enron bankruptcy proceeding. The fourth element requires a finding that the only basis for federal jurisdiction is the related bankruptcy case. The parties are not completely diverse and there is no federal question at issue in this case. The fifth element requires that the action be already pending in state court. Obviously, in order for defendants to remove the case, the case had to have been commenced in state court. There is some controversy as to whether mandatory abstention applies in a removed case, as once the case is

removed it is no longer pending in state court. Defendants argue that courts in other Circuits have held that mandatory abstention under § 1334(c)(2) does not apply to removed cases because there is no "parallel" action pending in state court[4] once the action is removed and because abstention is not specifically provided as a basis for remand in the remand statute. *In re 666 Associates*, 57 B.R. 8 (Bankr. S.D.N.Y.1985); *Weisman v. Southeast Hotel Properties, Ltd.*, 1992 WL 131080, (S.D.N.Y.1992) (citing cases); *In re Montague Pipeline Technologies, Corp.*, 209 B.R. 295 (Bankr.E.D.N.Y.1997). The majority of courts, however, hold that mandatory abstention does apply to removed cases because "these courts find that two proceedings are not necessary for abstention to apply and abstention, or abstention coupled with remand, transfers a removed proceeding to state court." *In re Midgard Corp.*, 204 B.R. 764, 774 (10th Cir. BAP 1997); *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir.2000); *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 584 (6th Cir.1990); *Chiodo v. NBC Bank–Brooks Field*, 88 B.R. 780, 784–85 (W.D.Tex.1988); *In re Fitzgeralds Gaming Corp.*, 261 B.R. at 8. The courts which hold that abstention applies to removed cases do so on the theory that § 1334(c)(2) does not require two proceedings be in existence. "Rather, this section states that abstention is mandatory when an action is 'commenced' in a state forum of appropriate jurisdiction." *Midgard*, 204 B.R. at 774. There is nothing in the wording of the statute or legislative history indicating that removed actions were meant to be omitted from the reach of § 1334(c)(2), especially where, as here, all of the components for mandatory absten-

---

**4.** Defendants stated that mandatory abstention requires a "parallel" proceeding pending in state court. The Court notes, however, that the distinct language of § 1334(c)(2) re-

quires only that the action be "commenced" in state court. There is no requirement that there be a "parallel" action currently "pending" there.

tion are present. This Court agrees with the majority of cases[5] and believes that the mandatory abstention statute does in fact apply to removed actions. Finally, the Court finds that upon remand, this proceeding is capable of timely adjudication in state court. The Iowa Court Rules provide a guideline of eighteen months for disposition of a civil jury case.[6] The Court therefore finds that the factors for mandatory abstention are all present. Even if this Court did have subject matter jurisdiction, the Court is obligated to abstain and remand these proceedings to the Iowa District Court for Linn County.

### C. Permissive Abstention under § 1334(c)(1) and Equitable Remand under § 1452

Assuming, *arguendo*, that this Court has subject matter jurisdiction, this Court would still abstain from exercising jurisdiction over these proceedings under the permissive abstention provision of 28 U.S.C. § 1334 or, on similar grounds, equitably remand the proceeding under 28 U.S.C. § 1452(b).

▮ Section 1334(c)(1) provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under this "discretionary" provision, courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law.

▮ Similarly, this Court has the statutory authority to equitably remand these proceedings under the "permissive abstention" provision of 28 U.S.C. § 1452(b), which provides as follows:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of the title or by the Supreme Court of the United States under section 1254 of this title.

The discretionary abstention and equitable remand doctrines are similar. Courts considering relief under these sections consider similar factors. These factors include:

[W]hether remand would prevent duplication or uneconomical use of judicial resources; the effect of the remand on the administration of the bankruptcy estate; whether the case involves questions of state law better addressed by a state court; comity; judicial economy; prejudice to involuntarily removed parties; the effect of bifurcating the action, including whether remand will increase or decrease possibility of inconsistent results; the predominance of state law issues and non-debtor parties; and the expertise of the court in which the action originated.

16 James Wm. Moore et al., *Moore's Federal Practice* § 107.15[8][e] (3d ed.2001).

▮ Several of the above commonly identified factors exist here and present a strong argument for permissive abstention or equitable remand. As the Court has already found, in the instant case, there is

---

**5.** The Eighth Circuit Court of Appeals has not yet addressed the issue of whether mandatory abstention applies to removed cases.

**6.** Iowa Court Rule 23.3(1), "Civil Standards."

no federal jurisdictional basis other than "related to" jurisdiction under § 1334. Only state law claims have been pled.[7] This Court has no reason to doubt or question the capacity of the Iowa court system to handle these actions, much less to apply state law, an area in which it is the undisputed expert. Furthermore, this Court believes federal courts ought not to intrude on state court proceedings, except where law and equity require it. The limited jurisdiction of Article III supports this view.

The Court finds that all these reasons, questions of comity, deference to the state court's knowledge of state law, plaintiffs' right to a jury trial on the issues raised, dominance of state law issues and non-debtor parties, and the expertise of the court in which the action originated, favor plaintiffs' argument for remand.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiffs' Motion For Remand and Abstention [docket no. 13] is hereby **SUSTAINED** and the Court **REMANDS** this action to the Iowa District Court for Linn County for all further proceedings.

2. The Clerk shall provide a certified copy of this Memorandum Opinion and Order Regarding Plaintiffs' Motion For Remand and Abstention and Defendants' Motion to Transfer Venue to the Clerk of Court for the Iowa District Court for Linn County.

3. Defendants' Motion to Transfer Venue [docket no. 22] is hereby **OVERRULED** as moot.

---

7. Plaintiffs voluntarily dismissed Count IV, which was based on the Federal Securities Act of 1933, when the case was in the Iowa District Court for Linn County.