Lawrence E. MCCABE and Janet I. McCabe, Debtors.

Central State Bank, Plaintiff,

v.

Lawrence E. McCabe, et al., Defendants.

Bankruptcy No. 02–00250.
Adversary No. 03–9122.

United States Bankruptcy Court, N.D. Iowa.

Dec. 10, 2003.

Thomas G. McCuskey, Cedar Rapids, IA, for Debtors/Defendants.

Joseph A. Peiffer, Cedar Rapids, IA, for Trustees/Defendants.

Dan Childers, Cedar Rapids, IA, for Plaintiff.

H. Raymond Terpstra, II, Wesley B. Huisinga, Cedar Rapids, IA, Dai Gwilliam, Lawrence L. Lynch, Iowa City, IA, Davin C. Curtiss, Dubuque, IA, for Defendants.

## ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on November 21, 2003 on Plaintiff's

Motion for Partial Summary Judgment. Plaintiff Central State Bank was represented by Dan Childers. Defendant John Deere Credit was represented by Wes Huisinga. Tom McCuskey appeared for Debtor. Joe Peiffer appeared for Trustee. After hearing evidence and arguments of counsel, the Court took the matter under advisement.

## STATEMENT OF THE CASE

Central State Bank seeks to have John Deere release its lien on property of the Regina McCabe Trust in order that lots can be sold. Property of the Trust and property of Debtors have been jointly developed as a subdivision in Coralville. The City of Coralville has approved the plat and the parties are ready to sell individual lots. The Trust owns the bulk of the property, approximately 13.52 acres. Debtors' interest arises from their original 3.09 acre homestead property which adjoins the Trust property. The Court has ordered that Debtors may claim one-half acre of their original homestead exempt. Part of the remainder of their real estate is included in the subdivision development.

Debtors have the present beneficial interest in the trust and Debtor Lawrence McCabe is the Trustee. The Trust holds the property for the benefit of Debtors during their lives. The residual beneficiaries are Debtors' children. Debtors disclosed their interest in the Trust in Schedule B.

Postpetition, the Bank requested and received approval of this Court by Consent Order to provide financing to the Trust to develop the subdivision. The Bank asked for Court approval because Trustee may assert an interest in the Trust property and may challenge the validity of the Bank's prepetition security interests. To date, Trustee has not taken any action in this regard.

John Deere asserts an interest in the Trust property pursuant to a judgment entered on November 20, 2002 in the Iowa District Court for Johnson County. This judgment arises out of a debt the Trust guaranteed for the benefit of McCabe Implement, Inc., Debtor Lawrence McCabe's former business. The Bank has an interest in all the real estate, both the Trust property and Debtors' property, arising out of prepetition mortgages. It also has an interest in the Trust property arising from the postpetition financing authorized by this Court. The priorities of the interests of John Deere and the Bank are in dispute.

The Bank seeks partial summary judgment in this action. It requests that the Court order John Deere to execute lien releases for the Trust property on a lot-by-lot basis as the lots are sold or to execute a lien release on the entire parcel with its lien transferring to the proceeds of the sale in the same priority the lien has in the real estate. John Deere specifically consented to the Consent Order Regarding Financing for Regina McCabe Trust dated February 28, 2003 and entered by the Court on March 28, 2003. The Bank argues that based on that consent, John Deere should be required to give lien releases in order for the Bank to fully comply with the Consent Order by selling the lots.

John Deere argues that this Court has no jurisdiction to hear the Bank's action against it because the action involves non-estate property and issues that are not "related to" the bankruptcy case. The Bank asserts the Court has "related to" jurisdiction because Debtors' rights, liabilities and assets will be significantly affected if the Trust is unable to proceed with the development. It also argues the Court's prior Consent Order is directly impacted

by John Deere's refusal to sign lien releases.

The Bank argues that under the doctrines of judicial estoppel or equitable estoppel, John Deere's refusal to release its lien is contrary to its consent to the Consent Order entered March 28, 2003. It asserts John Deere's consent to the financing constituted implied consent to perform the necessary actions to allow the lots to be sold.

John Deere asserts the Bank is attempting to enlarge the impact of the Consent Order beyond its plain meaning. It argues the Bank has no authority to sell property free and clear of liens, which is a power reserved to bankruptcy trustees. John Deere asserts the Bank should foreclose or otherwise determine the extent of its lien in state court.

## "RELATED TO" JURISDICTION

■ Bankruptcy courts, through reference from district courts, have subject matter jurisdiction over civil proceedings which are either (1) core proceedings or (2) non-core, related proceedings. *Abramowitz v. Palmer,* 999 F.2d 1274, 1277 (8th Cir.1993); 28 U.S.C. § 157(a). Bankruptcy courts' core subject matter jurisdiction includes disputes relating to alleged property of the bankruptcy estate. *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir. 1990). They lack jurisdiction, however, over controversies between third-party creditors which do not involve the debtor or property of the debtor or of the estate. *Id.* Proceedings concerning property of the estate are core proceedings if they affect the liquidation of assets of the estate or adjust the debtor-creditor relationship. *In re Kondora,* 194 B.R. 202, 207 (Bankr. N.D.Iowa 1996); 28 U.S.C. § 157(a)(2)(O).

■ The Court also has subject matter jurisdiction over proceedings which are "related to" a bankruptcy case. *Abra-*

*mowitz,* 999 F.2d at 1277. A proceeding is "related to" a case if

> the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action ... and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* (citations omitted); *In re Yukon Energy Corp.,* 138 F.3d 1254, 1259 (8th Cir. 1998). "Related to" jurisdiction cannot be limitless. *AUSA Life Ins. Co. v. Citigroup, Inc.,* 293 B.R. 471, 475 (N.D.Iowa 2003) (Reade, J.), citing *Celotex Corp. v. Edwards,* 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). "Speculative, theoretical claims are not sufficient to show 'related to' bankruptcy jurisdiction." *AUSA Life Ins. Co.,* 293 B.R. at 476. The court in *AUSA Life* found it did not have related to jurisdiction where the outcome of the case would create only contingent claims against a non-party debtor and would have no binding effect on the debtor. *Id.*

■ The Bank seeks an order requiring John Deere to release its lien on real estate which is property of the Regina McCabe Trust. The real estate is not property of Debtors or of the bankruptcy estate. Debtors are not parties to the Bank's motion for partial summary judgment against John Deere, although they are named in the complaint. Their inclusion in this action is allegedly based on their present beneficial interest in the Trust and their ownership of adjoining real estate being jointly developed with the Trust's real estate.

■ The Court concludes that the possibility that the bankruptcy trustee might assert an interest in the Trust property or challenge the validity of the Bank's prepet-

ition security interests is too speculative to confer "related to" jurisdiction over the Bank's claims against John Deere. Some of Debtors' nonexempt real estate, however, is included in the joint subdivision development with the Trust property. John Deere's refusal to release its lien on the Trust property could conceivably have some effect on Trustee's ability to administer Debtors' real estate within the same subdivision. Therefore, the Court has related to jurisdiction to consider the Bank's motion for partial summary judgment against John Deere.

This conclusion regarding jurisdiction is limited to this partial summary judgment motion. The Court does not hereby rule on jurisdiction over any other matters raised in the Bank's complaint.

## EFFECT OF CONSENT ORDER

 The Bank argues that the Consent Order allowing it to provide postpetition financing to the Trust to further develop the subdivision anticipates sale of the real estate lots which requires release of John Deere's lien. It asserts that ordering John Deere to release its liens on the lots is within the Court's authority in enforcing that Order. John Deere argues it did not consent to release of its liens when consenting to the financing order. The Court agrees with John Deere. Viewed in the light most favorable to John Deere, nothing in the language of the Consent Order provides for release of John Deere's liens. The fact that the order anticipates sales of the subdivision lots does not mean that it also implies that John Deere consents to release of its liens in order to effectuate such sales. Based on these conclusions, the Bank's arguments that John Deere should be estopped from refusing to release its liens based on its consent to the Consent Order are unavailing. John Deere did not agree to release its liens. Its refusal to release the liens now is not inconsistent with its consent to the financing order.

John Deere also argues that a sale free of liens is a right reserved to the bankruptcy trustee under § 363(f) and is only applicable to property of the bankruptcy estate. The Trust property is not property of Debtors' bankruptcy estate. Sales of property under § 363(f) are limited to sales of property of the bankruptcy estate. *In re Signal Hill–Liberia Ave. Ltd. Pship.*, 189 B.R. 648, 652 (Bankr. E.D.Va.1995). Furthermore, only a trustee is entitled to utilize the Bankruptcy Code to sell property free of liens. *See In re Calvary Temple Evangelistic Ass'n,* 47 B.R. 520, 522–23 (Bankr.D.Minn.1984).

**WHEREFORE,** the Central State Bank's Motion for Partial Summary Judgment IS DENIED.